Mason, J., (after advising with Sandford and Duer, J. J.)
The first question to be determined is, by what law are the costs of the appeals in this suit to be regulated.
It is contended by the plaintiff in error, that as the original suit was brought long before the passage of the code, the costs are to be adjusted under the former law, although the appeals were not brought until the present year. And in support of this position, it is argued that the code, by the eighth section, is declared to relate to civil actions commenced after the first day of July, 1848, except when otherwise provided therein; that a writ of error, and by analogy an appeal, is not an action; and that none of the provisions of the code relating to costs, except section 315, are applied to existing suits; that therefore none of the other provisions on that subject, can have any application to the present case.
I think that there are several answers to this argument. In the first place, by section 323, writs of error in civil actions are abolished, and the only mode of reviewing a judgment or order in a civil action, is by appeal. If the writ of error itself is taken away, it would seem that the attornies fees for prosecuting it, must fall to the ground. If the proceeding itself, which is the principal, is abolished, the compensation for conducting it, which is a mere incident, cannot remain. Secondly, although an appeal, or writ of error, in some aspects, may not be deemed a new action, but only a proceeding in an action already existing, yet in other respects it is a new suit. When judgment is perfected in an inferior tribunal, the suit, properly speaking, is at an end. *741 The subsequent proceedings in the same court are only for enforcing the judgment. On an appeal, a writ of error, new proceedings are commenced before a different tribunal, for the purpose not of carrying that judgment into effect, but of defeating or reversing it. The defendant if he appeals, now becomes the plaintiff, and the costs under either layv are entirely different from those prescribed in the courts below. The fee bill itself under the old law was framed on the idea that a writ of error or an appeal was a new proceeding, since a retaining fee was allowed, and new and different rates of compensation fixed. An appeal from a vice chancellor to the chancellor, under the old system, was considered a new proceeding so as to allow of a new retaining fee, although the original suit and the appeal were both in tire same court.
The 8th section of the code referred to by the appellant’s counsel, appears iiowever to decide the question. It declares in so many words, that the several titles except the first four, relate to actions in the supreme and other courts specified, and to appeals to the court of appeals ; recognizing the distinction taken by the counsel between actions and appeals ; that is not only to actions brought after July 1848, but to appeals also brought after that time, without reference to the time when the actions may have been brought. It does not say to appeals to be brought in those actions, but to appeals generally, so that we cannot confine the operation of any of the provisions of thp code respecting appeals or the costs therein, to appeals in suits brought after July 1848, without a plain violation of the statute.
The next question is, what charges are allowed on these appeals.
The first appeal was dismissed for want of prosecution, with costs.
The respondent claims the sum of twenty five dollars besides disbursements. This is the statutory allowance for costs on appeal to the court of appeals before argument, and the only allowance. The respondent is entitled to this or nothing.
The second appeal was dismissed with costs of the appeal and ten dollars costs of the motion.
The same item of twenty five dollars must here be allowed. *742 and the ten dollars specially given by the court. But nothing more.
The statute allows “for argument fifty dollars,” hut the cause was not argued, nor was the appeal dismissed when the cause was called in its order on the calendar, in which case if the respondent had appeared and been ready to argue, he would on default of the appellant, have been entitled to this fee. (Reed v. Child, 41How. Pr. R. 125; Slade v. Warren, 1 Comst. 431.) But the appeal was dismissed on motion, and the allowance of ten dollars costs of the motion, excludes the, idea of the allowance of the argument fee.
Neither is the charge of ten dollars for a term fee allowable. That is given as a compensation for attending the court, and waiting for the call of the cause, and is only chargeable when the cause continuing on the calendar, is not reached or is postponed. Here, the cause was dismissed, and the respondent dis-. charged from his attendance.
The sum of sixty dollars must be deducted from the amount as adjusted by the clerk on the second appeal, and the adjustment of the costs on the first appeal is confirmed. No costs allowed to either party on this motion.