## SUPREME COURT.

HENRY L. WEBB, and another, agt. ISAAC M. NORTON, and others.

BARZILLAI SLOSSON, respondent, agt. ERASTUS CORNING and another, appellants.

Where it appears from the order of the court of appeals, as contained in the remittitur, that after argument upon the merits, they *dismissed the appeal with costs*, this court is bound to suppose they intended the *general costs to be*

*taxed or adjusted,* being the only way the order in respect to costs can have effect.

If the court of appeals had intended *motion costs* only, they should have specified the amount, and it should have been inserted in the order.

*At Chambers, Penn Yan, October,* 1854.—Taxation of costs. The facts are sufficiently stated in the following opinion.

MUNGER & POMEROY, for respondent.

E. GRIFFIN, for appellant.

WELLES, Justice. At a special term of the supreme court, in equity, held in the city of Rochester on the 12th day of June, 1848, an order was made, in the suit first above entitled, confirming a certain report of a master in chancery, with certain exceptions therein mentioned, and containing various special provisions and directions.

The order recited, among other things, the appointment by the court of chancery of the respondent in the above second entitling, as receiver, &c., in the suit first entitled, and the extending of the receivership to several other suits in chancery against the defendants in said first suit, one of which was in favor of the appellants in the above second title.

On appeal to the general term from said order, the same was affirmed. From this order of affirmance the above appellants appealed to the court of appeals. After argument upon the merits in the court of appeals, and upon an objection taken by the respondent that the order, not being a final one, was not appealable, the appeal was dismissed by the court of appeals, with costs, at the June term thereof last. The remittitur of the court of appeals, after reciting the proceedings, proceeds as follows :—

"Whereupon the said court of appeals, after having heard this action argued, upon printed points and arguments, by Mr. William D. White, counsel for the appellants, and by Messrs. Munger and Pomeroy, counsel for the respondent, and after due deliberation being had thereon, did order and adjudge that the appeal in this action be, and the same is hereby dismissed, with costs. And it was further ordered and adjudged that the

Webb and another agt. Norton and others.

record and proceedings be remitted to the supreme court, there to be proceeded upon according to law.

"Therefore it is considered that the said appeal be dismissed with costs, and hereupon," &c., concluding in the usual form.

On filing the remittitur in the supreme court, an order was entered to carry into effect the order of the court of appeals, together with that of the supreme court appealed from.

The respondent claims full costs in the court of appeals, as upon affirmance of a judgment or decree, &c., and has made out a bill of items, and the same is submitted to me for taxation.

The bill contains the following items:—

| | |
|---|---:|
| Costs before argument, . . . . . . | $25 |
| " for argument, . . . . . . . | 50 |
| Term fee (June term, 1853,) . . . . . | 10 |
| " " (Sept. " " ) . . . . . | 10 |
| " " (Jan. " 1854,) . . . . . | 10 |
| | 105 |
| Besides disbursements, the items whereof amount to . . . . . . . . . . . | 11 05 |
| | $116 05 |

The appellants' counsel contends that the costs of a motion only can be allowed, inasmuch as there was no reversal or affirmance, and the appeal was dismissed for the reason that the order appealed from was not appealable. If the appeal had been dismissed on a direct motion brought on upon notice for that purpose, the court would probably have only allowed the respondent ten dollars costs of the motion. The amount of costs in such case would have to be determined at the time, and inserted in the order, or they would not be collectable at all. (*Code*, § 315; *Thomas agt. Clark and Rogers*, 5 *How. Pr. R.* 375; *Johnson agt. Jillitt*, 7 *id.* 485.)

As a general rule, the court of appeals, as I understand, refuses to allow general costs of the appeal when they dismiss the appeal after argument upon the merits, either upon an ob-

jection taken by the respondent, or upon their own suggestion, on the ground that the respondent, instead of noticing the appeal for argument and putting the appellant to the labor and expense of preparing for the argument upon the merits, should have moved to.dismiss the appeal in the first instance. (*Williams agt. Fitch*, 15 *Barb. S. C. R.* 654.) Nevertheless, they unquestionably have the power to grant the general costs where the argument on the merits actually takes place; and in the present case I think it should be understood from the language of the remittitur that they so intended.

After argument upon the merits, they dismissed the appeal with costs. If they had intended motion-costs only, they should have specified the amount, and.it should have been inserted in the order. That not having been done, we are now bound to suppose they intended the general costs to be taxed or adjusted, being the only way the order in respect to costs can have effect.

The statute under which these costs are charged is in the following words:—

"To either party on appeal to the court of appeals, before argument, twenty-five dollars; for argument, fifty dollars;" and term fees of ten dollars, common to all the courts of record. (*Code*, § 307, *sub.* 7 & 8. *See also Slade agt. Warren*, 1 *Com.* 431; *Kanouse agt. Martin*, 2 *Sanf. Supr. C. R.* 739.)

Upon the whole, I shall tax the bill as made out, as there appears no objections in detail to the items other than as above noticed.