## PETERSON *a.* DICKEL.

*Supreme Court, First District; At Chambers, November*, 1858.

COSTS.—DISMISSAL OF APPEAL.

Under an order of the Court of Appeals, dismissing " with costs" an appeal from an order made in the Supreme Court, the prevailing party is entitled to twenty-five dollars costs, and his disbursements.

Motion for readjustment of costs.

The plaintiff took an appeal to the Court of Appeals, from an order of the Supreme Court. The Court of Appeals dismissed the appeal on grounds unnecessary to be stated, and the following order was entered:

" On reading and filing affidavits and papers, and after hearing Mr. J. H. Reynolds, counsel for the respondent, it is ordered that the appeal in this action be, and the same is hereby dismissed with costs."

The clerk adjusted the costs as follows :

| | |
|---|---|
| Costs per statute . . . . . . . . . . . | $25 |
| Disbursements . . . . . . . . . . . . | 3.78 |
| | $28.78 |

The appellant now moved for a readjustment.

*H. H. Morange*, for the motion, contended that the costs should not exceed $10.

*Washington Murray*, opposed, cited 2 *Sandf.*, 741, and *Code*, § 307.

DAVIES, J.—In this case the plaintiff appealed to the Court of Appeals, and by an order made in that court on the 28th of September, 1858, the said appeal was dismissed with costs. That order or judgment has been made the judgment of this court, with the further order that the defendant have execution for his costs when taxed by the clerk.

Upon this state of facts the clerk has adjusted the costs at $28.78, being $25 as allowed for costs on appeal to the Court of Appeals before argument, and $3.78 for disbursements. A motion is now made to correct this adjustment. The case in 2 *Sandf.*, 741, which seems to have been well considered, holds, that in a case where the appeal is dismissed, the respondent is entitled to $25 and disbursements. The court say he is entitled to that or nothing. So in this case, the Court of Appeals have said that the appeal is dismissed with costs; and when we turn to the Code to see what costs, we find it to be $25 (§ 307). If the Court of Appeals had intended to fix the costs at $10, it should have said so. This court has no authority to alter, or in any

respect modify the judgment of that court. Having allowed costs, we can see no other costs can be meant than those given by section 307 of the Code.

The motion for readjustment is denied, with $7 costs.