## GLENTWORTH *a.* MOUNT.

*New York Superior Court; General Term, February,* 1863.

### TERM-FEES IN COURT OF APPEALS.

There is no limit to the number of term-fees taxable for terms in which a cause has been necessarily on the calendar of the Court of Appeals.

The provision of section 307, subdivision 7, of the Code of Procedure, as amended in 1858 and 1862,—by which term-fees are given "for every circuit or term, not exceeding five circuits and five special and five general terms,"—gives term-fees for every term during which a cause is necessarily on the calendar of the Court of Appeals, and is not heard, or is postponed by order of the court; but does not limit the term-fees in that court to five.

Appeal from an order allowing costs.

This cause having been on the calendar of the Court of Appeals for more than five terms, the clerk of the Superior Court, upon taxing the costs after the remittitur was sent down, allowed the successful party only five term-fees, from which decision an appeal was taken to the court, which, at special term, held that a fee was taxable for every term, and directed the costs to be adjusted accordingly.

An appeal was now taken to the court at general term.

*Gouverneur Tillotson*, for the appellant.

*Ed. Randolph Robinson*, for the respondent.

By the Court.*—Bosworth, Ch. J.—The words originally employed in the Code to describe the *fact*, which, as the general rule, entitles the prevailing party to a term-fee of $10, still form a part of the Code, and remain unchanged. Those words are: "every circuit or *term*," "at which the cause is necessarily on the calendar." (*Laws of* 1848, 545, ch. 379, § 262, subd. 6; *Laws of* 1849, 677, ch. 438, § 307, subd. 6; *Laws of* 1851, 104, App., § 307, subd. 8; *Laws of* 1852, 660, ch. 392, § 307, subd. 8; 2 *Laws of* 1857, 557, ch. 723, § 307, subd. 7; *Laws of* 1858, 493, ch. 306, § 307, subd. 7; *Laws of* 1862, 851, ch. 460, § 17.)

The words: "and is not tried, or is postponed by order of the court," prescribe the mode of ascertaining the number of terms for which the fee may be charged, and are a limitation upon the number of terms otherwise taxable. They exclude the term at which the cause is tried, and those at which it is reached, and is postponed by arrangement between the parties without any order of the court. The prevailing party cannot have the costs of a term at which the cause was reached, but instead of being tried was postponed at his request. The words: "not exceeding five circuits, and five special and five general terms," were not inserted to restrict the natural meaning of the words, "every circuit or *term*," but as a limitation upon the *number* of *circuits*, *special* terms, and *general* terms, which could be taxed.

If the design had been to prohibit the taxing of term-fees in the Court of Appeals, it would have been natural to conclude subdivision 7, of section 307, with the words, "but no term-fee in the Court of Appeals shall be allowed." Or instead of amending the section to read as it now does, to have altered it so as to allow "to either party, for every circuit not exceeding five, and five special and five general terms, at which the cause is necessarily on the calendar, and is not tried, or is postponed by order of the court, ten dollars."

---

* Present, Bosworth, Ch. J., Moncrief and Robertson, JJ.

But instead of doing either, the Legislature retained the words, originally employed to confer a right *to term-fees in the Court of Appeals*, as well as in the courts of original jurisdiction, unchanged; and used words, restricting the number of *special* terms, *general* terms, and *circuits*, for which term-fees might be allowed.

The act of 1857 (2 *Laws of* 1857, 557, § 307, subd. 7) allowed but three term-fees of a "term" of any kind to be taxed, and this applied as well to the Court of Appeals as to other courts. The words, "every term," includes the terms at which a cause is on the calendar in the Court of Appeals. (Slade *a.* Warren, 1 *N. Y.*, 431; Kanouse *a.* Martin, 2 *Sandf.*, 739; Webb *a.* Norton, 10 *How. Pr.*, 117; Reformed Dutch Church *a.* Brown, 24 *Ib.*, 89.)

The amendments of 1858 and 1862, which put this part of the Code in its existing form, should be regarded and construed like that of 1857, as imposing a limit upon the number of special and general term-fees to be taxed; but, unlike the latter statute, as imposing no limit upon the number of terms in the Court of Appeals. The amendment of 1858 *increased* the allowance from three special and three general terms and three circuits to five, and removed entirely the limitation upon the number of terms in the Court of Appeals.

The amendment to subdivision 6, of section 307, made in 1858, giving authority to the Court of Appeals, on affirming a judgment, " in its discretion, (to) award damages for the *delay*, not exceeding ten per cent. upon the amount of the judgment," is not opposed to the views above stated.

That amendment was made to enable the court to indemnify a respondent against the expenses caused by a vexatious appeal taken for the purpose of delay ; and not to enable the court, as a substitute for term-fees, to make an equitable allowance in each case. That court would not award damages in any case, where it considered that the appeal presented questions of doubt or difficulty, and the appeal was brought in good faith. I think the order appealed from should be affirmed.

Order accordingly.