BRIGGS, Receiver, &c., *v.* VANDENBURGH.

It is in the discretion of the Supreme Court, at special term, to require the receiver of an insolvent corporation to give security for costs, and to determine the orm and extent of such security. Its order on this subject is not appealable.

APPEAL from the Supreme Court. Action by the receiver of a mutual insurance company upon a premium note. The defendant moved that the receiver be required to give security for costs upon an affidavit that there were no funds in the receiver's hands liable for costs. This was not denied by the plaintiff; and an order was made at special term, requiring the plaintiff, before proceeding further in the suit, to give an undertaking conditioned to pay all costs that might finally be recovered by the defendant in the action. On appeal to the court, at general term, in the fourth district, the appeal was dismissed, upon the ground that the order of the special term was not appealable; and from this order an appeal was

taken to this court. The case was submitted on printed arguments.

*Rood & Shoudy*, for the appellant.

*Edward F. Bullard*, for the respondent.

BACON, J. The order at special term was made professedly under the provisions of section 317 of the Code. This section in substance provides that in an action prosecuted or defended by a receiver, costs shall be recovered as in an action against a person prosecuting or defending in his own right; but such costs shall be chargeable only upon, or collected out of, the estate, or fund, represented, unless the court shall direct the same to be paid by the plaintiff or defendant, personally, for mismanagement or bad faith in the action or defence. And at the close of the section a clause is added that the court "may, *in its discretion*, in cases mentioned in the section, require the plaintiff to give security for costs." There is a contingency, then, in which the plaintiff may be obliged, by the direction of the court, to pay the costs absolutely, and they may be exacted of him personally without any reference to the estate, or fund, that he represents. When application is made to the court, it is to exercise a discretion as to whether it will or will not require this security; and, of course, the form and extent of the security is within its province to determine. What shall ultimately be exacted of the parties to the undertaking, is always within the control and discretion of the court which is finally to decide the action; and we assume that the just liability will only be enforced. I have no doubt whatever of the jurisdiction of the court to entertain the application for the order requiring security to be given; and as the granting or refusing of the motion was purely a matter of discretion, the general term rightly decided that the order was not appealable, and dismissed the appeal. The same reasons exist to prevent an appeal to this court, and we might content ourselves with simply dismissing the appeal; but believing that jurisdiction

to make the order existed in the special term, and that the appeal to the special term was properly disposed of, we affirm the order of the Supreme Court, with costs.

All the judges concurring,

Order affirmed.