## HECHT vs. HECHT.

APPEALS: *When will lie from order or judgment allowing alimony, etc.*
   In suits for divorce, the allowance of alimony, attorney's fees and costs, *pendente lite*, is discretionary with the court trying the case, and will be interfered with by this court only upon the clearest proof that there has been a palpable abuse of that discretion; and where such abuse affects the substantial rights of a party, he may have redress by appeal to this court.

APPEAL from *Randolph* Circuit Court.
Hon. ELISHA BAXTER, Circuit Judge.
*A. H. Garland* and *T. J. Ratcliffe*, for appellant.
*Rose & Green*, for appellee.

STEPHENSON, J. The appellant brought his complaint in the Randolph circuit court to the April term, 1872, for di-

vorce. At the same term the appellee answered the bill and filed a motion, in the nature of a petition for alimony and attorney's fees, *pendente lite.* To this motion the appellant filed a response, and upon the issues, made by the motion and response, the court proceeded to a hearing. Several witnesses were examined on both sides, and the court ordered that appellant pay to appellee's attorneys the sum of five hundred dollars, as follows: Two hundred and fifty dollars within sixty days from the rendition of the order, and two hundred and fifty dollars at the final determination of the suit. Also the sum of two hundred and fifty dollars within sixty days, to be paid into court for the use of the defendant to pay costs of suit. For the first and last of these sums execution was ordered to issue. To all the rulings, orders and decrees of the court, appellant excepted, and after moving for a new hearing, which motion was overruled, he appealed.

It is contended by appellee that, inasmuch as the original suit between the parties is still pending in the circuit court, no appeal will lie until a final decree has been rendered.

Sec. 4, art. 7 of the constitution, provides that "final judgments in the inferior courts may be brought by writ of error or by appeal into the supreme court, in such manner as may be prescribed by law."

It is not necessary for us, in the determination of this case, to construe this and sec. 15 of the same article.

The order or judgment of the court is not, strictly speaking, an interlocutory one. While it may be true that a petition for alimony and attorneys' fees could not be brought as a separate and independent suit, yet it is also true that such an application and order for an allowance, *pendente lite,* especially such a one as is made in this case is, so far as it affects the rights of this appellant in its consequences, wholly independent of his suit for divorce. This is a definitive judgment,

from which the appellant can have no relief by the final de-
cree, even though it should appear that injustice had been
done him.   By. due process on the execution, the money will
have been collected and paid over to the parties in whose fa-
vor it is awarded, and its recovery will have passed beyond the
power of the court.   It is true that the allowance of alimony
and other necessary costs is discretionary with the court trying
the case, and will be interfered with by this court only upon the
clearest proof that there has been a palpable abuse of that
discretion.  Yet, when there has been such abuse which affects
the substantial rights of a party, we are of opinion that he
can have redress by appeal to this court.   Code of Civil Prac-
tice, sec. 15; 6 Abbott, N. S., 193; *Tucker v. Yell*, 25 Ark.,
420.

In the case at bar the court made no allowance to the wife.
The order only extends to the fees of attorneys, and the allow-
ance for costs.   We will confine ourselves to the testimony as
to these items alone.   The witnesses, who were the lawyers in
the case, differ in their estimate of the value of the services of
appellee's counsel as much apparently as they do as to merits
of their respective sides of the case, and the court values these
services higher than both combined.

The witness for the appellee values his services at three or
four hundred dollars, while the witness for appellant believes
one hundred dollars a fair fee.   The court, however, allows
the sum of five hundred dollars attorneys' fee and two hundred
and fifty dollars for costs of court.

We can find nothing whatever in the testimony to warrant
this last allowance, and we think the allowance to attorneys
was not warranted by the testimony.   The allowance of a rea-
sonable and liberal sum for both purposes would have been
proper and necessary to the protection of the appellee, who
should have every proper facility given her by the court for a

full defense, which the court, in the exercise of its discretion, could have fixed without the testimony of witnesses. Yet, in the face of the testimony before us, we think the court erred as to the amounts allowed.

The case is reversed and the cause remanded with directions to the court to allow such compensation as may be necessary to a full and fair defense.