## DANIELS V. DANIELS.

1. In taking an appeal the first essential act, without which it will have no validity, is the filing of the notice thereof. Unless the filing of the notice either precedes or is contemporaneous with the service thereof, it will be ineffectual.
2. An order allowing temporary alimony and counsel fees is such a final order or decree as may be appealed from under the code.
3. Although the statute makes no provision for alimony except as an incident to proceedings for divorce, this does not preclude the court from granting temporary or permanent alimony in a proper case, although a decree for divorce is not included in the relief prayed for.
4. To entitle a wife to alimony *pendente lite*, and for means to prosecute her suit, her petition should establish a *prima facie* case, and

be supported by verification and affidavits; but the merits of the original or main controversy cannot be inquired into on such a petition.

5. A contract of separation of man and wife must be untainted by fraud, and the contract must be fair and reasonable, considering the circumstances of the parties.

*Appeal from District Court, Arapahoe County.*

THE facts are stated in the opinion.

Messrs. PATTERSON and THOMAS and BENEDICT and PHELPS, for appellant.

Messrs. RUCKER and EWING and TELLER and ORAHOOD, for appellee.

BECK, C. J.   The purpose of the action instituted in the district court by the plaintiff, Lilyon B. Daniels, against her husband, William B. Daniels, and now pending therein, as shown by the prayer of the complaint, is to obtain a decree annulling the articles of separation entered into by the parties upon the 16th day of January, 1883, and to compel the defendant to pay the plaintiff the sum of $25,000 annually as permanent alimony.   A separate petition was filed in said cause praying for alimony *pendente lite*, to which an answer was filed by the defendant, and the issues therein formed submitted to the court.   The court thereupon ordered and adjudged that the defendant pay into court, for the use of the plaintiff, the sum of $1,000,— $700 thereof being for the use of her counsel as their solicitors' fees, $300 thereof for her use in procuring testimony, witnesses, and other expenses incidental to the prosecution of her suit,— and the further sum of $75 a month as alimony *pendente lite* until the further order of the court.   From this decree the defendant appealed to this court.   The defendant also demurred to the original complaint, which demurrer the court overruled, and thereupon defendant appealed from the order overruling the demurrer.   Both of these appeals

are now submitted for the consideration and judgment of this court.

The first question to be considered is the regularity of these appeals. The appeals are taken under the act of the legislature approved April 23, 1885 (Laws 1885, p. 350), and it is alleged by counsel for appellee that in the taking of said appeals the statute was not complied with on the part of the appellant; consequently, that neither of said appeals can be entertained by this court.

The decree for alimony *pendente lite* was made October 12, 1885. The objection to the regularity of this appeal is that no copy of the notice of appeal was served on the plaintiff or her attorneys; and the objection to the appeal from the order overruling the demurrer to the original complaint is that the notice of appeal was served on the plaintiff's attorneys nine days before the original notice was filed in the clerk's office of the court below.

Section 8 of the act referred to provides as follows:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed a notice stating the appeal from the same, or some specific part thereof; and serving a copy of the notice of appeal on the adverse party or his attorney."

In so far as the objection relates to the appeal from the order overruling the demurrer it appears to be well taken. The statutory provision above quoted does not differ materially as to the mode of taking an appeal from the provision appearing in section 339 of the code of 1877, except that the latter section requires, in addition to the filing of notice and service of the same on the adverse party or his attorney, the execution of a bond. In the case of *Alvord et al. v. McGauhy*, 4 Colo. 97, the notice of appeal was not filed in the office of the clerk until two days after a copy of said notice was served upon the attorney of the appellee. In that case the court say: "In taking an appeal the first essential act, without

which it will have no validity, is the filing of the notice thereof. Unless the filing of the notice either precedes or is contemporaneous with the service thereof, it will be ineffectual." In *Bacon v. Lamb*, id. 474, it was held if the service of the notice and the filing thereof in the clerk's office were on the same day, the acts will be presumed to have been contemporaneous. In California, under a similar statutory provision, it was held that "the filing of the notice of appeal is made a constituent element of its character as a notice, and, consequently, must precede or be contemporaneous with the service of a copy of the notice on the adverse party; otherwise that which may purport to be a copy of a notice or duplicate thereof fails to be such for the want of an original." *Buffendeau v. Edmondson*, 24 Cal. 94. These authorities, and the phraseology of the statute itself, are decisive of the objection raised to the regularity of the appeal from the order overruling the demurrer. The statute not having been substantially complied with, the appeal from that order cannot be considered.

In respect to the order or decree for alimony *pendente lite* and suit money, the objections urged as to the irregularity of the appeal from this order do not exist. The original transcript filed in this court shows that this order was made October 12, 1885, and that notice of appeal therefrom was filed in the clerk's office, and a copy thereof served on the attorneys of the appellee upon the same day, October 12th. The omissions relied upon appear in the abstract only, not in the transcript. Another objection urged to the validity of this appeal is that no exception to the ruling of the court granting alimony *pendente lite* was reserved by the appellant. This is also a mistake, as is fully shown by the bill of exceptions, signed by the judge and made a part of the record in the cause, wherein occurs the following: "To which ruling and decision of the court in allowing, decreeing, ordering

and adjudging said support, maintenance, counsel fees," etc., "aforesaid, the defendant, by his counsel, then and there excepted."

But it is contended, upon other grounds, that no appeal lies from this order or decree: (1) Because it was made in an equitable action and was "a discretionary order;" (2) Because an appeal does not lie from such order under the statute of 1885.

The proposition that the order·was discretionary, and for that reason not appealable, assumes one of the main points in controversy, namely, that the court had jurisdiction to make the order. If it be true that orders of this nature are within the discretion of the court in divorce cases, it determines nothing in a case like this, where a divorce is no part of the relief sought, and the jurisdiction of the court is challenged on that ground. Whether or not such an order, even in divorce cases, is purely discretionary and not reviewable admits of grave doubts, under recent decisions.

The cases cited by appellee in support of the proposition that no appeal lies in this case throw but little light upon that question. They are principally cases relating to interlocutory judgments for costs ; as in the case of *Briggs v. Vandenburgh,* 22 N. Y. 467, wherein it was held that under the provisions of the code, in an action prosecuted or defended by a receiver, costs may be recovered as in an action against a person prosecuting or defending in his own right ; and that the "court may, in its discretion, in cases mentioned in the section, require the plaintiff to give security for costs;" and that no appeal lies from such order. So, also, in *Briggs v. Bergen,* 23 N. Y. 162, it was held that no appeal lies from the supreme court from an order striking out a sham answer under the section providing that "sham and irrelevant answers may be stricken out on motion, and upon such terms as the courts in their discretion impose." In *Walker v. Spencer,* 86 N. Y. 162, an appeal appears to have been

taken from certain portions of an interlocutory judgment allowing costs and expenses to one of the parties on the overruling of a demurrer.   In this case the appeal was dismissed on the ground that while an appeal lies in such cases to the supreme court, it does not lie to the court of appeals.   *Smith v. Rathbun*, 88 N. Y. 660, was also a case of an interlocutory order entered upon overruling a demurrer to the complaint, from which an appeal was taken.   The appeal in this case seems to relate to the form of the order, and the court say: "This is, therefore, a mere controversy as to the form in which the supreme court shall express its decision; that is a controversy to be settled by that court, and not appealable to this court." *Marble v. Bonhotel*, 35 Ill. 240, holds that the granting of a temporary injunction is a matter of sound discretion, and cannot be reviewed upon appeal.  In *Richards v. Burden*, 31 Iowa, 305, it was held that an appeal to the supreme court did not lie from the ruling of the court below upon the admission or exclusion of evidence, but that the question may be presented on an appeal upon the final decision of the cause.   In *Forrest v. Forrest*, 25 N. Y. 518, the appeal was from part of a judgment for divorce fixing the plaintiff's alimony; and while it was held that the authority of the court was discretionary as to the amount of the alimony, and from what date it should commence, yet the appeal appears to have been entertained for the purpose of ascertaining whether the power had been arbitrarily exercised.   The court say: "There is no other rule or criterion to guide than the *boni viri arbitrarium;* and as it is a judicial, and not an arbitrary, discretion to be exercised, we do not say there may not be an appeal from such an order."  Upon the question of our jurisdiction to entertain this appeal the authorities cited in support of the views of appellee's counsel are not sufficiently analogous to the proceedings before us to warrant its summary dismissal.

We will now consider the following questions: (1) Is

the order allowing temporary alimony and counsel fees such an order or decree as may be appealed from under section 1, Code Amend. 1885 ? (2) If appealable, did the court below have jurisdiction to enter the judgment or decree appealed from ? (3) Did the court err in allowing said temporary alimony and suit money, and in entering judgment therefor ?

*First.* Is the order appealable ? There are two sections of the act of 1885 conferring appellate jurisdiction on this court. The first section is as follows :

"The supreme court has appellate jurisdiction over all judgments and decisions of all other courts of record, as well in case of civil actions as in proceedings of a special or independent character, except in actions for damages commenced before a justice of the peace in which the judgment was for a less sum than $50." Laws 1885, p. 350.

The provisions of this section are broad enough to cover every judgment or decision which is in the nature of a final judgment, and which possesses the elements of a final judgment. When such a judgment is entered nothing remains to be done but to enforce it, and it may be enforced in the same manner and by the same means usually employed to coerce the payment of money judgments and decrees. The judgment or decree appealed from was rendered in an original proceeding, and it was based upon that proceeding ; but it was rendered upon separate pleadings, wherein distinct and different relief was sought from that for which the original suit was instituted. The object of the original complaint was to obtain a decree annulling articles of separation, and for the allowance of permanent alimony; the purpose of the intermediary proceeding was to require the respondent to furnish to the plaintiff means for temporary subsistence, for counsel fees, and for suit money. The latter is clearly a separate and independent relief, and requires the entry of a separate judgment.

A similar question arose in the noted case of *Sharon v.*

*Sharon*, 7 Pac. Rep. 456, and was fully considered by the supreme court of California, in which similar code provisions were construed. The court arrived at the conclusion that a judgment for alimony *pendente lite* was a final judgment or decree, and cited authorities fully sustaining that conclusion. The court say: "A final judgment is not · necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The code provides for an appeal from *a* final judgment, not from *the* final judgment in an action." They say if it is in the nature of a final judgment, and is final upon the question adjudicated in it, the same is appealable. This doctrine is sustained by the supreme court of Kentucky in *Lochnane v. Lochnane*, 78 Ky. 468, and *Hecht v. Hecht*, 28 Ark. 92. These were cases of appeal from orders allowing alimony and counsel fees pending proceedings in divorce. The appeals were sustained in both cases upon the grounds above stated. In *Hecht v. Hecht, supra*, the court held that the judgment was not, strictly speaking, an interlocutory one, but a definite judgment, upon which payment might be enforced before final judgment entered in the original cause; that execution might issue thereon, and the money be collected and paid over to the parties before the entry of final judgment in the cause; and even though it should appear that injustice had been done, no relief could be afforded by the final decree. In *Blake v. Blake*, 80 Ill. 523, an appeal was taken from a decree of the circuit court of Cook county "awarding attorney's fees and other expenses in a divorce cause" pending the proceeding for divorce. The court held that it was a money decree, for a specific sum, payable absolutely, which the court had undoubted authority to enforce by the award of execution by sequestration of real or personal estate, or by attachment, if payment was wilfully and contumaciously refused. As to the nature of such decree the court say:

"Such a decree does not seem to us to be merely inter-
locutory. It is more in the nature of a final decree, and if
no appeal lies this case affords an instance of a money de-
cree against a party from which no relief can be had, no
matter how unjust or oppressive."

It is further held not to be an answer to the foregoing
position that the decree may be reviewed on appeal or
error after the final decree in the original cause, since the
litigation might be protracted for years, and the defend-
ant in the meantime imprisoned for disobedience to the
decree, or subjected to the payment of the sum decreed.
It is conceded that alimony is for the immediate benefit
of the wife, to enable her to prosecute or defend her suit
against her husband on terms of equality, and that the
result of the appeal would operate to delay the litigation
until the propriety of the decree for temporary alimony
and solicitor's fees could be determined in the appellate
court; but these considerations are held not sufficient to
work a denial of the right of appeal in such case. With
respect to the discretionary powers of the court below in
such case, it was held that while the trial court, under
the statute of that state, has power to award attorney's
fees and other expenses in divorce cases, and that the
matter is largely discretionary with the court, the su-
preme court has always assumed jurisdiction to review
the action of the court below in regard to allowances for
alimony or solicitor's fees; citing *Blake v. Blake*, 70 Ill.
618,— a doctrine which we heartily approve. It is fur-
ther said in *Foss v. Foss*, 100 Ill. 576, that the allowance
of alimony *pendente lite* is discretionary; but it is a judi-
cial, and not an arbitrary discretion which is to be exer-
cised, and that a judgment therefor is subject to an
appeal. To the same effect is *Stillman v. Stillman*, 99
Ill. 196. See, also, *Harrell v. Harrell*, 39 Ind. 185. In
*Schonwald v. Schonwald*, Phill. Eq. (N. C.) 215, the court,
referring to the judge of the court below, say:

"His honor was of the opinion that the allowance of

alimony *pendente lite* was a matter confided to his discretion. In this he was mistaken. Whether the matter set forth is sufficient to entitle the petitioner to a decree for alimony, assuming it to be true, is a question of law; and the discretion confided to the court below is in regard to what is a reasonable amount."

In the case of *Williams v. Williams,* 29 Wis. 517–524, it was held the power of a court in a divorce proceeding to make allowance to the wife for her support and that of her children during the litigation, and for expenses in prosecuting or defending an action, is discretionary with the trial court, but such discretion is to be exercised with reference to all the circumstances of the case which will affect the amount of such allowance, and with due regard to certain rules which are almost universally recognized and applied by the courts in such cases. Such orders are appealable to the supreme court, but they will not be interfered with unless it is apparent that some of the conditions which should have been considered by the court below have been overlooked or disregarded to the manifest injury of either the husband or wife. Appeals from such orders allowing alimony are entertained by the supreme court of the state of Iowa (see *Farber v. Farber,* 64 Iowa, 362; *Wilson v. Wilson,* 49 Iowa, 544), and in several other states appeals are given by statute.

We think the authorities cited lay down the correct doctrine, and consequently hold that the decree or order under consideration is, to all legal intents and purposes, a final judgment, from which an appeal may be prosecuted to this court. This conclusion disposes of the motion to dismiss the appeal, which motion, by stipulation of counsel, was included in the submission of the cause.

*Second.* Did the court below have jurisdiction, in a cause like this, to enter the judgment or decree for temporary alimony? It must be conceded that the authorities are conflicting upon this subject; and since the

questions of law to be considered have never been decided by this court, we shall feel ourselves at liberty to determine them in such manner as we shall deem most in accordance with the principles of equity, and most conducive to proper practical results, being restrained only by the general rules and principles of law, and by the rules of construction recognized by the decisions of this court.

We will first inquire whether the district court had jurisdiction of the original cause of action. This is a pertinent inquiry, for unless such jurisdiction existed as to the original subject-matter of the action, we would conclude at once that the court had no jurisdiction of the subject of temporary alimony. The failure of the appeal from the order overruling the demurrer to the complaint does not preclude this inquiry, since the question of jurisdiction over the subject-matter of an action may be raised at any time under our practice. The original complaint sets out the articles of separation, and, in substance, alleges that the plaintiff was compelled to execute the same against her will, and under false promises of the husband that they were rendered necessary for a temporary purpose only, and that she would, in a few months, be restored to her marital relations and rights. She incorporates in her complaint copies of letters written to her by the defendant while in the city of New York as evidence of said facts. She states a series of acts of mistreatment which she received at the hands of the defendant previous to the signing of said articles, and alleges that in consequence thereof she was prostrated with serious illness, and was thereby rendered mentally incapacitated to transact the ordinary business of daily life; and that defendant, through his friends and advisers, seized upon this occasion to obtain her consent to a separation. She mentions, among other inducements held out to her by the defendant and his friends and advisers to procure her consent thereto, one

to the effect that he was going to leave America for several years, and that she would be left during his absence in her then penniless and neglected condition previously averred in the complaint. She charges that she was induced to believe that the separation contemplated was only to be for a few months, when she would be restored to her former marital relations; charges that she had been kept ignorant, and was then ignorant, of the value of the defendant's estate, and induced by the representations of the defendant to believe that $75,000 was as much as half of the value of his estate, whereas it was at that time of the value of $1,000,000, and is now of the value of $1,300,000; and that his annual income has been for several years last past, and is now, of the amount of $150,000.

The articles of separation show that the value of the property conveyed to her was estimated at $60,000, and that she received $15,000 in money. She alleges that a portion of the property embraced in the articles of separation did not belong to the defendant in his own right, but, by virtue of a will of his former wife, belonged to his son, and that the defendant was unable, therefore, to give a clear and perfect title thereto to the plaintiff, and that a cloud now rests upon the said parcel of property. She alleges that the property mentioned in the articles of separation was only worth the sum of $35,000 at the time she received conveyances therefor; and, in this connection, says that by reason of her illness she was unable to ascertain the truth of these matters, and was induced to sign the contract in ignorance of the same, and that she relied upon the representations of the defendant concerning the title to the same, and upon his representation that the separation was only to be a temporary one. Another allegation is that through and by defendant's advice said property has been so mismanaged that it is now not worth more than the sum of $7,000; that at the present time all of her real estate is incum-

bered, a large part of it for more than it is worth, and all of it is incumbered for as much as can be borrowed thereon. In respect to the money received from the defendant on the execution of the articles of separation, plaintiff says it was all consumed in the support of herself and widowed mother and in defraying other necessary expenses, and that she is now without any money whatever for her own maintenance or to enable her to prosecute this action. She further charges that the contract of separation is void, for the reasons that there never existed any sufficient reason in law to support the same; that the marriage relation between plaintiff and defendant was at all times founded on love and respect; and that defendant's conduct in respect to the separation was the result of undue influence on the part of defendant's friends and advisers; and, as before stated, that fraud and deception were used by defendant in procuring plaintiff's signature thereto.

The prayer of the complaint is that the articles of separation be declared null and void; that the defendant be decreed to pay plaintiff a reasonable sum for support and maintenance during the pendency of this action, and such sums as may be necessary to enable her to prosecute this action, pay solicitor's fees, and defray necessary costs and expenses; also that defendant be made to pay plaintiff $25,000 yearly for her support and maintenance.

The defendant in his answer denies each and all of the fraudulent acts and conduct charged in the complaint, and alleges that during the brief time of his cohabitation with the plaintiff as his wife she was repeatedly guilty of such gross misconduct and ill treatment of him as to render his life burdensome and intolerable. He alleges that the separation was caused alone by the ill treatment and abuse received by him at the hands of the plaintiff. It is unnecessary here to specify the several denials set up in the answer, since all the material allegations of the complaint charging fraud, mistreatment of the

plaintiff, misrepresentation of facts to induce her to enter into the contract of separation, concealment of the value of his estate, pretenses that he was about to leave the country for years, whereby she would be left in a penniless and destitute condition, pretenses that the separation was to be merely temporary,— a few months only,— and other fraudulent concealments, misrepresentations, and devices, alleged to have been used to induce her to agree to the separation, are positively denied. He alleges that the property conveyed to her was reasonably worth the sum fixed and stated in the articles of separation, and that none of it at that time was incumbered, or under any cloud whatever; denies that the plaintiff was at the time prostrated by illness, or mentally incapacitated to do business, and alleges that she was fully informed of the value of the property conveyed to her; that she took time for the consideration of all matters connected with the separation, and was assisted therein by competent and able legal counsel. He positively denies that by his advice the real estate became incumbered or mismanaged, or that the articles of separation have in any way been rendered null and void by subsequent promises or acts of the defendant; and alleges that the fortune settled upon the plaintiff at the time of the separation was amply sufficient to support her in a handsome manner during her entire life.

We have thus given the substance of the defense, as well as the charges contained in the complaint. As will subsequently appear, however, but few of the averments of the defense can be considered upon the questions involved in this appeal.

When a question of jurisdiction is submitted to us, it is not our province to prejudge a cause of action by inquiring into and passing upon the merits of the original controversy. The general rule for ascertaining whether a court has jurisdiction of a certain subject-matter is by inspection of the original complaint. If the original

complaint states upon its face a case for relief coming within the equitable jurisdiction of a *nisi prius* court, this is the limit of our inquiry, especially in a case like the present, where issues of fact are joined upon the pleadings filed in the original action, and the appeal pending in this court is taken from an intermediary decretal order made in the case. It would be highly improper for us to investigate and prejudge the merits of such original controversy upon the allegations, charges and counter-charges contained in the several pleadings filed in the main case.

It is contended by defendant's counsel that no relief can properly be granted under said complaint, since the allegations thereof disclose facts which operate to defeat the jurisdiction of the court to entertain the cause. The principal ground of relief prayed for is that the defendant be decreed to pay the plaintiff an annual sum of money for maintenance and support. Another and preliminary ground of relief asked for is the annulling of the articles of separation. It is contended by counsel for defendant that the plaintiff's complaint is not sufficient in law to confer jurisdiction upon the district court, and for that reason that an order for alimony *pendente lite* cannot be sustained.

The grounds assigned for failure of jurisdiction are (1) that a suit for alimony alone cannot be maintained in this state, since the statute only authorizes alimony as an incident to proceedings for divorce; (2) that the articles of separation interpose an insurmountable obstacle to the jurisdiction of the court to award permanent alimony, for the reason that the same are *prima facie* good and binding until set aside by the decree of a court of competent jurisdiction.

Another objection assigned to the jurisdiction of the court is that alimony can only be granted under our statute as incident to a proceeding for divorce, and that no divorce is prayed for in this case. It is true that the

statute of this state makes no provision for alimony except as an incident to proceedings for divorce; but this statute does not, we apprehend, preclude our courts from granting alimony, either temporary or permanent, in a proper case, although a decree for divorce may not be included in the relief prayed for. As said in *Galland v. Galland*, 38 Cal. 265, the legislature was not dealing with the general subject of alimony, as an independent subject-matter of legislation, but only as one of the incidents of an application for divorce. The same court holds that the subject of alimony comes within the general powers of a court of equity, independently of the statute. This view of the jurisdiction of courts of equity to grant alimony in the nature of maintenance to a wife, unconnected with proceedings for divorce, was taken by the supreme court of Alabama in the recent case of *Hinds v. Hinds*, 22 Cent. Law J. 308, which affirms the doctrine laid down in *Glover v. Glover*, 16 Ala. 440. The conclusion there announced was that courts of equity exercised a jurisdiction over the subject of alimony, not merely incidental, but original, in cases where the wife's right to a maintenance existed. The same doctrine is maintained in *Purcell v. Purcell*, 4 Hen. & M. 507. In the case of *Glover v. Glover, supra*, the court say: "The broad ground upon which the jurisdiction is made to rest is the unquestioned duty of the husband to support the wife, and the inadequacy of legal remedies to enforce this duty." The same doctrine exists in Mississippi, as appears by the late case of *Verner v. Verner*, 62 Miss. 263. Campbell, C. J., in delivering the opinion of the court, says: "It is settled in this state that a wife denied support by her husband may bring her bill for alimony without seeking a divorce."

The second ground of objection is that the articles of separation are *prima facie* valid until set aside by decree of a court of competent jurisdiction. Conceding this proposition to be true, it does not necessarily divest the

court of jurisdiction to inquire whether the articles of separation were fairly entered into, and without any imposition being practiced upon the wife. The allegations of the complaint raise the question of fact whether the articles of separation are valid or not. The law concerning the contract of separation, and the execution of articles to effect the same, is strict, and requires the utmost good faith on the part of the husband.

The law upon this subject seems to be pretty well settled, and is to the effect that the transaction must be untainted by fraud, and the contract must be, in all respects, fair, reasonable and just, taking into consideration the circumstances of the parties. The wife must be in a position to act with perfect freedom, and with full knowledge of all the circumstances and conditions which enter into the transaction, and with full knowledge of her rights, and that the contract makes sufficient provision for the maintenance of the wife according to the *status* of the parties. *Switzer v. Switzer*, 26 Grat. 574; *Miller's Ex'r v. Miller*, 16 Ohio St. 527; *Randall v. Randall*, 37 Mich. 571. Some authorities cast upon the husband, when the validity of such a contract is questioned, the burden of showing that the contract was a fair and equitable one, and that it was entered into by the wife with full knowledge of all facts likely to influence her action in the matter.

The present *status* of the main case, upon the pleadings in the district court, presents the question of the validity of the articles of separation as a question of *fact*, to be determined by that court. This being the *status* of the original cause of action, it would be improper for us to go further than may be necessary to determine the single question of jurisdiction, which, as previously stated, is essential to the authority of the court to award alimony *pendente lite*. The question of jurisdiction to entertain the complaint is to be determined by

an inspection of the complaint itself. Upon inspection of this pleading we find it specially charges that the plaintiff was coerced to execute the articles of separation against her free will and consent, under circumstances, and by resort to expedients, which, if established by proof, would render the articles null and void, by all the authorities upon the subject. Whatever the real facts may be, the allegations of the complaint are sufficient to authorize a court of equity to assume jurisdiction for the purpose of investigating the grievances alleged, and for administering proper relief if the same should be susceptible of proof. The law does not recognize in contracts of this nature any special sanctity relieving them from the general rule applicable to contracts, that fraud vitiates all contracts. On the contrary, they are rather regarded as deeds or agreements entered into by and between persons occupying fiduciary relations to each other, wherein full knowledge and the free will and consent of the weaker party, and good faith and fair dealing on the part of the stronger party, are essential to their validity. These views are sustained, both by reason and authority, as will appear from the foregoing authorities and the cases cited therein.

The question of jurisdiction being decided in the affirmative, it only remains for us to decide the *third* and last point, viz., is the order or decree awarding temporary alimony a valid decree? This must be determined upon the same rules and principles applicable to orders or decrees for alimony *pendente lite* in other cases. The rule in all cases is based upon the existence of the marriage relation, the ability of the husband, and the destitute circumstances of the wife. If the wife presents such a case against her husband as *prima facie* entitles her to relief, the rule is that she should be supplied with the necessary means to prosecute her suit on an equal footing with her husband; also, if she be destitute of the means of subsist-

ence, and the husband is possessed of means to relieve her necessities, it is the duty of the court, when called upon, to award a reasonable allowance for this purpose. A proper showing should be made by the wife to entitle her to such an order. Her petition praying for such temporary alimony should be verified and supported by affidavits; but the merits of the original or main controversy cannot be inquired into. The essential facts to be established are, as before stated, the existing marriage relation of the parties, the present destitution of the wife, and the financial ability of the husband. If the wife is in fact destitute of the means of support, it is immaterial, so far as the application for temporary alimony is concerned, what brought about her destitute condition. The only questions upon which the husband can be heard are his own means and the means of the wife. If it should be shown that the wife is possessed of the necessary means, her application should be denied. See *Galland v. Galland*, 38 Cal. 265; *Porter v. Porter*, 41 Miss. 116; *Garland v. Garland*, 50 Miss. 694; *Frith v. Frith*, 18 Ga. 273; *Verner v. Verner, supra; Foss v. Foss, supra; Jenkins v. Jenkins*, 91 Ill. 167; *Platner v. Platner*, 23 N. W. Rep. 764, and cases cited; *Culver's Ex'r v. Culver*, 8 B. Mon. 128. Under the rule announced we cannot examine the defense set up by the husband against the allowance prayed in the wife's petition. In it he neither denies his own financial ability to provide temporary support and suit money nor the alleged necessities of the plaintiff. The fact that he made a liberal provision for her a comparatively short time ago, which she has squandered, does not answer the allegation that she is now destitute, which latter fact is alleged in her petition and supported by her own and other affidavits.

Our conclusion upon this final question is that the district court had lawful authority to award alimony and suit money *pendente lite*, and that the discretion of the court respecting the sums so awarded was not abused, but, con-

sidering all the circumstances bearing upon the question, the allowances made were reasonable. The decretal order appealed from is therefore affirmed.

*Affirmed.*