### In re GEORGE WRAY DRUG CO.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. APPEAL—DISMISSAL—FEE FOR ARGUMENT—TAXATION.

Where an appeal is dismissed on a preliminary motion before submission on the merits, respondent is not entitled to tax a fee for argument.

Appeal from Special Term, Westchester County.

In the matter of the application of the George Wray Drug Company for voluntary dissolution. Appeal from an order allowing a fee for argument on previous appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Frank Cochrane, for appellant.

Ralph Earl Prime, Jr., for respondent.

JENKS, J. This appeal involves the sole question whether the respondent is entitled to tax $60 for argument in the Court of Appeals. This case was disposed of in 176 N. Y. 555, 68 N. E. 1117, as follows:

"Motion to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the Second Judicial Department, entered April 24, 1903, which affirmed an order of the Special Term denying a motion to compel the clerk of Westchester county to certify appellant's papers on appeal, The motion was made upon the grounds that the order appealed from was not a final order in a special proceeding, that no allowance of the appeal had been granted, nor had the Appellate Division certified that any question was. involved which ought to be determined by the Court of Appeals."

The learned counsel for the appellant cites White v. Anthony, 23 N. Y. 164, and Brown v. Leigh, 50 N. Y. 427, submitting that the former case is decisive of his right to the taxation. In White v. Anthony, supra, it appears that the appeal was dismissed after the question involved had been submitted for decision on the merits. Briggs v. Vandenburgh, 22 N. Y. 467, referred to by the reporter in White's Case, was considered and submitted on printed arguments. In Brown v. Leigh, supra, it is said that, the former order having been reversed, with costs, the plaintiff (appellant) was entitled to full costs save certain items. Among the items thus inferentially approved is the item

of $60 for argument. The pertinency of the decision, however, is found in the further disposition of the court. The court proceeds to say:

"But the order of the court, merely setting aside proceedings as irregular, did not affect a substantial right, and therefore the appeal must be dismissed, with costs. The costs of the two appeals from orders will about balance each other," etc.

From this statement it is inferred that, therefore, the court contemplated that there would be an item of $60 for argument taxable on the appeal dismissing the order. But it does not appear whether the question involved in the appeal dismissed had been submitted for decision on the merits. On the other hand, in Kanouse v. Martin, 2 Sandf. 739, the court, Mason, J. (on advising with Sandford and Duer, JJ.), after noting that the statute says "for argument fifty dollars," says:

"But the cause was not argued, nor was the appeal dismissed, when the cause was called in its order on the calendar, in which case, if the respondent had appeared and had been ready to argue, he would, on default of the appellant, have been entitled to this fee [citing authorities]. But the appeal was dismissed on motion, and the allowance of ten dollars costs of the motion excludes the idea of the allowance of the argument fee."

In Tauton v. Groh, 9 Abb. Prac. (N. S.) 453, a note says:

"By the present usage of the Court of Appeals, appeals from orders go upon the calendar, and full costs are allowable the same as in other appeals. If such appeal were dismissed on motion, costs would be allowed for the motion, and taxable costs on the appeal, as in other cases, up to the time of the motion. If, on argument of such an appeal, the court should dismiss it because the order was not appealable, full costs would be allowed, as in other calendar cases."

We are not cited to any authority that seems controlling, and I have failed to find one. I think that the discrimination between White's Case, supra, and this case is to be found in the fact that White's Case had been submitted on the merits, as expressly stated by the court in its opinion. I doubt not that, if the disposition of dismissal had been made in the present case after the same had been submitted on the merits or heard thereon, costs of argument would be taxable. But where the dismissal is the result of a preliminary motion, and not the result of a hearing, or a motion embodied in the hearing, it does not seem to me that the court intended to permit taxation of a fee for argument. The allowance of $10 motion costs seems to exclude that theory. If this were so, then the one who preliminarily moves to dismiss an appeal and succeeds would be entitled to recover all costs that could be gained by an argument thereof if successful, and $10 costs additional thereto. This, tested by the theory of compensation, would seem absurd.

The order should be reversed, with $10 costs and disbursements. All concur.