## DOOLEY v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Special Term, New York County.   December 16, 1907.)

COSTS—APPEAL—DISMISSAL—PROPRIETY OF ALLOWANCE.

Where an appeal was not dismissed upon notice previously given, but
only after it was called in its regular order on the calendar, costs before
and after notice of argument were properly taxed against appellant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 956.]

Action by William Dooley against the Union Railway Company of
New York City.   Plaintiff's appeal from a judgment of the Appellate
Division (94 N. Y. Supp. 635), reversing a judgment for him and an
order denying a new trial, was dismissed by the Court of Appeals
(82 N. E. 1125), and he moves to retax costs.   Motion denied.

Fromme Bros., for the motion.
James L. Quackenbush, opposed.

GIEGERICH, J.   The appellant seeks by this motion for a retaxa-
tion of costs for a disallowance of the items before and after notice of
argument, which items were taxed by the clerk.   The appeal from the
judgment was dismissed by the Court of Appeals on the ground that
it was not appealable, and the appellant insists that the respondent is
not entitled to the said items "because there was actually no argument
of the appeal."   The remittitur, however, states that the cause came on·
for argument, and that after due deliberation the appeal in question
was dismissed, with costs, and the affidavit, used upon the taxation,.
shows that the dismissal took place upon the argument.   Since the ap-
peal was not dismissed upon notice previously given, but only after it
was called in its regular order on the calendar, the clerk properly taxed
the items objected to.   Winchester v. Jackson, 7 U. S. 514, 2 L. Ed.
516, 9 Abb. Pr. Rep. (N. S.) note at bottom of page 455.   See Kanouse
v. Martin, 4 N. Y. Super. Ct. Rep. 739; In re Wray Drug Co., 93·
App. Div. 456, 87 N. Y. Supp. 676.

Motion denied.