## No. 9849.

## BAGOT v. BAGOT.

DIVORCE—*Alimony.* The wife's application for alimony pendente lite is not barred by a decree in a former suit in which she was convicted of cruelty to the husband.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

*Application for Supersedeas.*

Mr. CHARLES H. PIERCE, for plaintiff in error.

Mr. HENRY E. MAY, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THIS cause is before us on error to the District Court to review a judgment awarding the defendant in error, plaintiff in an action for separate maintenance, temporary alimony and suit money, *pendente lite.*

To a petition for said allowance an answer was filed setting up the record of a cause in the District Court, between the same parties, in which each was adjudged guilty of cruelty toward the other. This record, it is contended, constitutes a bar to the allowing of suit money or temporary alimony, since it shows, as counsel says, that the plaintiff does not come into court with clean hands, a prerequisite to a standing in a court of equity

The brief of plaintiff in error contains numerous citations from opinions rendered in divorce actions, but fails to notice the difference between the right to alimony generally, and the right to temporary alimony and suit money pending the trial of the cause. The distinction is fundamental.

The order or judgment under review was in "an intermediary proceeding" in which the pleadings seek relief distinct from that for which the main suit was brought. It is for this reason held to be final, in such a sense as makes it an appealable order. *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657. Manifestly, then, in determining this

question the court cannot consider the merits of the case. Temporary alimony and suit money are allowed a wife, who is suing her husband, to put her on equality with him so that she may prosecute her action, and have means of living while so doing.

In *Daniels v. Daniels, supra,* this court, in discussing this proceeding said: "The rule in all cases is based upon the existence of the marriage relation, the ability of the husband, and the destitute circumstances of the wife. If the wife presents such a case against her husband as *prima facie* entitles her to relief, the rule is that she should be supplied with the necessary means to prosecute her suit on an equal footing with her husband; also, if she be destitute of the means of subsistence, and the husband is possessed of means to relieve her necessities, it is the duty of the court, when called upon, to award a reasonable allowance for this purpose. A proper showing should be made by the wife to entitle her to such an order. Her petition praying for such temporary alimony should be verified and supported by affidavits; but the merits of the original or main controversy cannot be inquired into. The essential facts to be established are, as before stated, the existing marriage relation of the parties, the present destitution of the wife, and the financial ability of the husband. If the wife is in fact destitute of the means of support, it is immaterial, so far as the application for temporary alimony is concerned, what brought about her destitute condition. The only questions upon which the husband can be heard are his own means and the means of the wife."

Were the theory of plaintiff in error correct, the wife would be called upon to litigate the case on its merits in a proceeding in which she sought to obtain from her husband the means to carry on such litigation, and without which, the hypothesis is, she cannot litigate at all. The record establishes the fact that the plaintiff in the action has no means, and that the amount allowed is not excessive in view of the admitted financial ability of the defendant. The judgment is accordingly affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.