**In re the MARRIAGE OF Connie L. MOCKELMANN, Appellee,**

**and**

**Henry A. Mockelmann, III, Appellant.**

No. 96CA0137.

Colorado Court of Appeals,
Div. II.

Aug. 7, 1997.

Thomas P. Malone & Associates, P.C., Judith B. Pierson, Thomas P. Malone, Denver, for Appellee.

Barry J. Seidenfeld, Denver, for Appellant.

Opinion by Judge DAVIDSON.

In this dissolution of marriage proceeding, Henry A. Mockelmann, III, (husband) appeals from the temporary orders of the trial court awarding, *inter alia,* attorney fees and expert witness fees to Connie L. Mockelmann (wife). Husband contends that the trial court erred by failing to conduct a hearing on the reasonableness and necessity of these fees and by failing to make factual findings in support of the awards. We reverse and remand with instructions.

Wife filed a petition for dissolution of marriage and a motion for temporary orders. After the court entered temporary orders for maintenance, child support, and other matters, wife filed a motion to amend the judgment, asking the court to award her attorney fees and litigation costs, expert fees for the appraisal of the marital estate, other expert witness fees, and future attorney and expert witness fees. In his response, husband requested a hearing on the reasonableness and necessity of the fees. Upon the court's authorization, both parties filed supplements to their original motions and responses.

The trial court, without holding a hearing, denied wife's request for future attorney and expert witness fees, but ordered husband to pay those attorney fees and litigation costs that wife had already incurred through temporary orders. Husband appeals from this order.

I.

■ As a threshold matter, we address, and reject, wife's argument that we are without jurisdiction to address husband's claims because the award of attorney fees is not a final judgment subject to appeal. To the contrary, an award of attorney fees under § 14–10–108, C.R.S. (1987 Repl.Vol. 6A) is a final judgment subject to appellate review.

As pertinent here, § 14–10–108(1), C.R.S. (1987 Repl.Vol. 6A) provides that in a dissolution of marriage proceeding:

either party may move for temporary payment of debts, use of property, maintenance, custody, support of a child of the marriage entitled to support, or payment of attorney fees.

■ As wife acknowledges, temporary orders for maintenance and child support are reviewable as final judgments even if there has not been a final judgment in the form of a decree of dissolution or entry of permanent orders. *See In re Marriage of Nussbeck,* 899 P.2d 347 (Colo.App.1995) (temporary maintenance order); *In re Marriage of Westlake,* 674 P.2d 1386 (Colo.App.1983) (same); *In re Marriage of Henne,* 620 P.2d 62 (Colo.App. 1980) (temporary child support order). These temporary orders are reviewable as final judgments because they establish the financial rights and obligations of the parties until the entry of permanent orders. *See In re Marriage of Henne, supra.*

Similarly, an award of attorney fees under § 14–10–108(1) establishes a financial right and obligation of the parties until the entry of permanent orders. *See Daniels v. Daniels,* 9 Colo. 133, 10 P. 657 (1886) (order for alimony and attorney fees *pendente lite* is a final judgment upon which execution may be enforced, money collected, and paid over to a party); *Hobbs v. Hobbs,* 72 Colo. 190, 210 P. 398 (1922) (temporary *order for* attorney fees in divorce action is reviewable as final judgment even if no final judgment granting divorce).

Wife's contention to the contrary notwithstanding, a temporary award of attorney fees is based upon the same underlying premise as a temporary award of maintenance or child support—that is, the immediate financial need of the party to whom the attorney fees are awarded. Indeed, an award of attorney fees during the dissolution action allows the recipient to continue litigation, and to do so without undue sacrifice. *See In re Marriage of Lee,* 781 P.2d 102, 105 (Colo. App.1989) ("it would be grossly unfair and

against public policy to hold that a spouse must choose between food, clothing, or shelter and the right to appeal what he or she considers to be an inadequate award").

Thus, in contrast to the request for a decree of dissolution of marriage and permanent orders, a request for a temporary award is to obtain a "means for temporary subsistence," which includes attorney fees and related litigation expenses. "The latter is clearly a separate and independent relief, and requires the entry of a separate judgment." *Daniels v. Daniels, supra,* 9 Colo. at 139, 10 P. at 661. *See Bagot v. Bagot,* 68 Colo. 562, 191 P. 96 (1920) (fundamental distinction between alimony generally and the right to temporary alimony and "suit money" pending trial).

## II.

Husband's principal contention on appeal is that the trial court erred in failing to hold a hearing to determine the reasonableness and necessity of wife's attorney fees and expert witness fees. We agree.

### A.

Under § 14–10–119, C.R.S. (1987 Repl. vol. 6A), the trial court can award a reasonable amount of attorney fees after considering the parties' financial resources. *In re Marriage of Mitchell,* 195 Colo. 399, 579 P.2d 613 (1978). The court must consider not only the reasonableness of the hourly charges, but also the necessity of the services for which the hours were billed. *In re Marriage of Rieger,* 827 P.2d 625 (Colo.App. 1992).

When a hearing is requested to determine the reasonableness and necessity of attorney fees, due process requires that the trial court hold such a hearing. *See In re Marriage of Nichols,* 38 Colo.App. 82, 553 P.2d 77 (1976) (in dissolution of marriage case, reversal of attorney fee award required when trial court failed to hold a hearing or to receive and consider evidence before making award).

Similarly, because the reasonableness of expert witness fees is not verifiable by reference to any statute or other fixed standard, if the reasonableness of such fees is challenged, the challenging party is entitled to a hearing, if requested. *See Dunlap v. Long,* 902 P.2d 446 (Colo.App.1995).

Here, in his response to wife's motion for fees and costs, husband specifically requested a hearing on the reasonableness and necessity of wife's attorney fees and her other costs. Thus, the court erred in failing to provide one.

To the extent that wife argues that a hearing need not be held because the amount of the award may be "corrected" at a permanent orders hearing, we simply note that, as discussed, a temporary award of attorney fees made pursuant to § 14–10–108 is a final judgment subject to appeal.

### B.

We also agree that the trial court failed to make factual findings as to how it arrived at the amount of attorney fees and expert witness fees awarded. Without factual findings, appellate review of such award is not possible. *See Pedlow v. Stamp,* 776 P.2d 382 (Colo.1989).

The order is reversed, and the cause is remanded to the trial court to conduct a hearing on the reasonableness and necessity of wife's attorney fees, expert witness fees, and marital estate appraisal costs and to make factual findings in support of its determination of the amount of its award.

PLANK and BRIGGS, JJ., concur.