**In re the CUSTODY OF A.D.C., Child.**

**Upon the Petition of Debra D. Miller and James L. Miller, Appellees,**

**and**

**Jodi V. Miller, Appellant.**

**No. 96CA1663.**

Colorado Court of Appeals, Div. IV.

Jan. 8, 1998.

David N. Bolocofsky, P.C., David N. Bolocofsky, Denver, for Appellees.

Gary L. Crandell, Denver, for Appellant.

Opinion by Judge ROY.

Jodi V. Miller (mother) appeals from the order granting custody of her daughter to her parents, Debra D. and James L. Miller (grandparents). We affirm.

## I.

Mother first contends that due process requires that, prior to the commencement of a proceeding for custody, a non-parent must demonstrate by clear and convincing evidence that he or she has become the psychological parent. We disagree.

It is not clear in this proceeding whether grandparents sought standing under only § 14–10–123(1)(b), C.R.S.1997 (child not in physical custody of a parent) or also under § 14–10–123(1)(c), C.R.S.1997 (child in the physical custody of the petitioner for a period of six months or more). The former section permits the non-parent to commence the proceeding while the child is in the physical custody of the non-parent and the latter permits the proceeding to be commenced up to six months after physical custody has terminated.

There is no dispute, however, that mother voluntarily placed the child in the physical custody of the grandparents approximately four months prior to the filing of the petition for custody, that mother resided elsewhere, and that the grandparents had physical custody of the child at the time the petition was filed.

If the non-parent establishes standing, the court will consider that person's custody claim based upon the best interests of the child standard. *In re Custody of C.C.R.S.*, 892 P.2d 246 (Colo.1995). The fact that, as here, the biological parent has maintained contact with the child, including occasional overnights, does not necessarily defeat a non-parent's standing to seek legal custody under either § 14–10–123(1)(b) or § 14–10–123(1)(c). In such a case, the court must consider the nature, frequency, and duration of contacts between the parent and the child. *See In re Matter of V.R.P.F.*, 939 P.2d 512 (Colo.App.1997).

In *In re Custody of C.C.R.S., supra,* the supreme court, in quoting with approval from the majority opinion of a division of this court, recognized that the adoption by the General Assembly of § 14–10–123(1)(c) subsequent to the adoption of § 14–10–123(1)(b) recognized the significance of "psychological parenting." In recognizing the significance of "psychological parenting," however, neither the General Assembly nor the court made the proof that the non-parent had become the psychological parent of the child a condition precedent to standing under either § 14–10–123(1)(b) or § 14–10–123(1)(c).

Having so determined, we need not address the burden of proof required for the grandparents to prove that they had become the "psychological parents."

## II.

Mother further argues that due process and the legal presumption in favor of the biological parent require that a parent be awarded custody unless it is shown by clear and convincing proof that the child would suffer emotional or physical harm by such an award. Again, we disagree.

Under § 14–10–123.4, C.R.S.1997, the determination of custody is expressly based upon the best interests of the child. *See, e.g., Abrams v. Connolly*, 781 P.2d 651 (Colo.1989). Furthermore, due process does not require a showing of unfitness before custody may be awarded to a non-parent. *In re Custody of C.C.R.S.*, 872 P.2d 1337 (Colo.App.1993), *aff'd, supra.* With respect to the burden of proof, custody determinations are based upon the preponderance of the evidence standard. *See In re Marriage of Francis*, 919 P.2d 776 (Colo.1996).

Unlike a proceeding to terminate the parent-child relationship which requires clear and convincing evidence, a custody proceeding continues the biological parent's right to contact with the child and parenting. In addition, the possibility, though perhaps a diminishing one over time, of the parent subsequently being awarded legal custody remains intact. *In re Custody of C.C.R.S., supra.*

Therefore, we conclude that due process does not require clear and convincing evidence to support the award of custody to a non-parent with standing to seek custody of a child. Instead, we hold that such an award of custody to a non-parent with standing may be made upon a showing by a preponderance of the evidence that it is in the best interests of the child.

Here, after expressly according mother the presumption that she should have custody of her child, the trial court found, with record support, that the child had adjusted extremely well to her residence with the grandparents, that the grandparents have the capacity to encourage love and affection between the child and her parents, and that the grandparents can provide the child with structure and security. The trial court further found, on supporting evidence, that the mother, while not unfit, had been irresponsible in the care of the child, is immature, denies any responsibility for her situation, has led a nomadic lifestyle leaving the child in the custody of others, had abandoned the child for a period, and was not capable of providing a structured and stable environment.

Accordingly, we find no violation of due process.

## III.

Mother also contends that the trial court abused its discretion by refusing to hear her request for an award of temporary attorney fees. We decline to review the issue.

■ An award of temporary attorney fees is a final, appealable order. *In re Marriage of Mockelmann,* 944 P.2d 670 (Colo.App. 1997). The same is true for an order denying, or refusing to consider, temporary attorney fees.

Mother did not appeal the denial of, or refusal to consider, temporary attorney fees in a timely manner, and therefore, we decline to review the trial court's refusal to consider an order for temporary attorney fees.

We also note that the trial court did award attorney fees as part of the permanent orders. Neither party appealed that award. Temporary orders terminate upon, and merge into, the final decree unless continued pursuant to court order. Section 14–10–108(5)(c), C.R.S.1997.

Order affirmed.

NEY and MARQUEZ, JJ., concur.