[No. 4623.

## MITCHELL v. MITCHELL.

```
31  209
32   27
```

1. **Alimony—Separate Maintenance—Appellate Practice—Jurisdiction of Supreme Court.**

The supreme court has not jurisdiction to review a judgment for temporary alimony in an action by a wife against her husband for separate maintenance where no divorce is sought, unless the judgment exceeds twenty-five hundred dollars in amount, or unless some question is involved that would give jurisdiction under the court of appeals act.

2. **Same—Continuing Monthly Alimony.**

In an action for separate maintenance where judgment is rendered for temporary alimony at a certain rate per month, the fact that the amount may in time exceed $2,500 if the action is prolonged does not make it a judgment for an amount exceeding $2,500 so as to give the supreme court jurisdiction to review the judgment, if in fact at the time the review is sought the amount does not exceed that sum.

*Appeal from the District Court of Arapahoe County.*

Mr. GEORGE W. TAYLOR, for appellant.

Messrs. SKELTON & MORROW, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This appeal is from an order awarding temporary alimony in an action by the wife against the husband for separate maintenance. No divorce was sought. The interlocutory order awarded attorney's fees, court costs and continuing temporary alimony for the wife at the rate of $60 per month, all aggregating, at the time the appeal was perfected, a sum much less than $2,500. There is no claim that any of the elements, made essential by the court of appeals act, to our jurisdiction now exists, but it is claimed, as we understand the argument, that from its analogy to a proceeding in divorce, and because

14

the amount in controversy may, at some time, exceed $2,500, a review of a judgment herein, whether final, or an interlocutory one giving temporary alimony, is to be had only in the supreme court.

An action for alimony, or to enforce separate maintenance, lies in this state independent of statute and wholly disconnected with a proceeding whose main object is to obtain a decree dissolving the marriage relation.—*Daniels v. Daniels,* 9 Colo. 133. While alimony may be granted as an incident to a proceeding for divorce, this does not at all affect the right to prosecute a suit whose object is to enforce separate maintenance only. Whether a proceeding for divorce may be maintained in this state independent of statute, or whether the jurisdiction of the court therein altogether depends upon statutory authority, is not important here. Under the divorce and alimony act of 1893 it has been decided both by the court of appeals and this court that judgments dissolving the marriage relation rendered in actions brought under that act, and incidental judgments therein for alimony alone, can be reviewed only by the supreme court, and not by the court of appeals.— *Mercer v. Mercer,* 13 Colo. App. 237, 240; *Eickhoff v. Eickhoff,* 14 Colo. App. 127, 129; S. C., 27 Colo. 380.

It does not follow, however, that judgments rendered in proceedings whose object is to recover alimony alone, entirely disconnected from and independent of divorce proceedings, may be reviewed in this court irrespective of the amount of the judgment. We are of opinion that the court of appeals act of 1891, and not the divorce act of 1893, governs in such cases. Since the amount of the present judgment is not sufficient to give this court jurisdiction, and no other element prescribed by that act is present, a review of this judgment should be had, if at all, in the court of appeals, and not here.

It is the amount of the judgment rendered, not the amount in controversy, that furnishes the test. If the action is prolonged the amount of alimony may, in time, exceed $2,500. Until it does this court has no jurisdiction to review it. The only judgment we are now asked to pass upon is for much less than that sum.

This question, though not necessarily involved, was thus referred to in *Mercer v. Mercer, supra,* by Bissell, presiding judge: "Actions for separate maintenance are in no sense actions for divorce. Judgments rendered thereon may be appealed to this court or brought here by writ of error and the legality and sufficiency of the judgments may be determined under the general appellate powers conferred by the act creating the court." *Park v. Park,* 28 Colo. 447, was an action for separate maintenance. The final judgment was brought to the supreme court for a review on writ of error on the ground that a freehold was involved. The court having determined that a freehold was not involved, said that as no other question was involved that conferred jurisdiction, the writ must be dismissed. The decision there was that the court of appeals act controlled, and its doctrine governs this case.

Our conclusion is that, as this action does not depend upon the general divorce act, but authority to hear and determine it finds its seat in the general equity powers of a court of general jurisdiction, the review of judgments pronounced therein is governed by the court of appeals act of 1891. This conclusion requires the dismissal of the appeal, and it is so ordered.

*Appeal dismissed.*