## No. 11,485.

### WESTON *v.* WESTON.

Decided May 17, 1926.

Action for divorce with cross-complaint for separate maintenance. Decree for defendant, for separate maintenance. On motion to dismiss writ of error.

#### *Motion Denied.*

1.  ACTIONS—*Divorce and Alimony—Separate Maintenance.* Where a husband's complaint for divorce was dismissed and the action proceeded under defendant's cross-complaint for separate maintenance, the action became, and continued to be solely one for separate maintenance.

2.  WORDS AND PHRASES—*Divorce—Separate Maintenance.* An action for divorce is one for dissolution of the marriage relation, while an action for separate maintenance is one in affirmance of such relation.

3.  DIVORCE AND ALIMONY—*Alimony—Separate Maintenance.* An allowance for separate maintenance is not alimony within the strict definition of that term.

4.  APPEAL AND ERROR—*Divorce and Alimony—Review.* An action for separate maintenance is not an action for divorce, and section 5605, C. L. '21, concerning writs of error in divorce actions, is not applicable thereto.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. HENRY E. MAY, Mr. ALBERT E. BOGDON, for plaintiff in error.

Mr. LUKE J. KAVANAUGH, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon a motion to dismiss the writ of error upon the ground that the plaintiff in error did not within five days from the granting of the decree file notice of an intention to apply for a writ of error.

The motion is grounded upon the theory that this is "an action for divorce," and that it is such an action within the meaning of that part of section 5605, C. L. 1921, which reads as follows: "No writ of error shall be taken or allowed or prosecuted from the supreme court to review a judgment or decree of any court in an action for divorce, except at the time and in the manner hereinafter set forth, to-wit: If the party against whom a decree of divorce has been granted shall file, within five days from the day on which such decree was granted, with the clerk of the court a written notice that he or she will apply within sixty days from the date of said decree to the supreme court, for a writ of error to review the said decree then a writ of error may issue from the supreme court   *   *   *."

In the court below, defendant in error, Guy S. S. Weston, began an action for divorce. His complaint was dismissed for failure to prosecute, and thereupon the cause proceeded to trial upon defendant's cross-complaint, which had been filed with the answer. The cross-complaint was one for separate maintenance only. A decree granting separate maintenance was granted. Thereafter an order was entered which modified the decree as to the amounts to be paid to defendant wife by plaintiff husband, and to review this order this writ of error has been sued out.

When plaintiff's complaint in divorce was dismissed, and the action proceeded under defendant's cross-complaint for separate maintenance, the action then became, and continued to be, solely an action for separate maintenance. The decree granted, and subsequent orders

made, which are sought to be reviewed by this writ, were granted and made in an action for separate maintenance. The question is: Is such an action "an action for divorce," within the meaning of section 5605, C. L. 1921 above cited?

In *Mercer v. Mercer,* 13 Colo. App. 237, 57 Pac. 750, our Court of Appeals said: "Actions for separate maintenance are in no sense actions for divorce. Judgments rendered thereon may be appealed to this court or brought here by writ of error and the legality and sufficiency of the judgments may be determined under the general appellate powers conferred by the act creating the court."

The above was quoted with approval in *Mitchell v. Mitchell,* 31 Colo. 209, 211, 72 Pac. 1054, and this court there also said: "An action for alimony, or to enforce separate maintenance, lies in this state independent of statute and wholly disconnected with a proceeding whose main object is to obtain a decree dissolving the marriage relation. *Daniels v. Daniels,* 9 Colo. 133."

An action for divorce is one for the dissolution of the marriage relation, while an action for separate maintenance is one in affirmance of such relation.

Defendant in error cites *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143, where this court said that a decree awarding permanent alimony is a decree rendered "in an action for divorce." The question now presented was not considered in that case, and, moreover, an allowance for separate maintenance is not alimony within the strict definition of the term. 30 C. J. 1071.

For reasons above indicated, an action for separate maintenance is not an action for divorce, and plaintiff in error was not required to file the written notice prescribed by the divorce statute, section 5605, C. L. 1921.

The motion to dismiss the writ of error is denied.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.