## No. 12,492.

### WESTERN SLAVONIC ASSOCIATION ET AL. v. VIDETICH.
(8 P. [2d] 263)

Decided February 1, 1932. Rehearing denied February 23, 1932.

Mr. MATT J. KOCHEVAR, Mr. JOSEPH P. O'CONNELL, Mr. R. R. CLOUD, for plaintiffs in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

MARY Videtich, mentally incompetent, brought suit by her next friend and son, Joseph Videtich, Jr., against the Western Slavonic Association, a corporation, and Peck, as public trustee in Denver, to have two deeds of trust on certain real estate cancelled, and to enjoin defendants from foreclosing or asserting any interest in the real estate. Later, Joseph Videtich, Jr., as conservator of the estate of Mary Videtich, was substituted as party plaintiff. We refer to the parties as aligned at the trial. The court heard the case on its merits, found the issues for plaintiff, and rendered decree accordingly. Defendants assign error.

There is little if any dispute as to essential facts. Prior to the present suit, plaintiff brought an action, numbered 92,619, in the district court of Denver, against her husband, Joseph Videtich (senior) for separate maintenance, and to secure the same by establishing a lien upon the following real estate: Lots 17, 18, 23 and 24, block 10, Garden Place, situate in the City and County of Denver, and tracts 22 to 24 inclusive, Hinchman and Renton Gardens, Adams county, all in the state of Colorado. In that action, Mary Videtich caused a notice of lis pendens to be filed in the office of the county clerk and recorder of Denver. She obtained a temporary restraining order on the day suit was commenced, followed by a temporary injunction, restraining and enjoining the defendant, Joseph Videtich, from transferring or encumbering any of the above described real estate. Thereafter, the court in that case entered a further order awarding plaintiff alimony and counsel fees, and further declared that all sums due and to become due thereunder, were a lien on the above described real estate. The order also provided that the plaintiff have the exclusive and unmolested possession of the family home on lots 17 and 18, block 10, Garden Place, above referred to, for the use of herself and children. It appears that she is so occupying it, but that the alimony and counsel fees are in part unpaid if not altogether unsatisfied.

A few days after the first action was commenced, the Western Slavonic Association procured deeds of trust from Joseph Videtich, to secure his note to that association. The instruments cover all of the above described property in Denver and in Adams county. The association admits in its answer that it took such security with notice and knowledge of the pendency of the prior action. The sale of the Denver property under the trust deed for the use of the association was advertised by the public trustee, but was stopped in obedience to the injunction. The property in Adams county went to sale; it seems that the association bid it in; that the certificate of pur-

chase ripened into a deed and it appears that the association took possession of that property and is now in possession.

1. Plaintiff claims that the Joseph Videtich deeds of trust and their foreclosure subsequent to the first suit are in violation of the restraining order and injunction therein, to plaintiff's injury. The association admits such orders and its acts as alleged, but denies that such acts constituted a violation of the prior orders. The distinction is too fine to be visible; the court in the first suit, among other things, commanded the defendant Joseph Videtich not to encumber the property, but he promptly proceeded to attempt it with the assistance of the association and thereby disobeyed the orders of the court.

2. Counsel for the association in their briefs admit plaintiff's lien, and state that the lien claimed by the association is junior to plaintiff's. They assert that the purpose of the association is merely to have its lien foreclosed on such interest as Joseph Videtich has in the property, subject to plaintiff's rights. We remark that if this were an ordinary foreclosure of a valid second mortgage or deed of trust given as an encumbrance not theretofore enjoined, a different question would be presented. The statement of counsel is commendably frank, but the words and actions of the association are irreconcilable. It has already taken possession of the property in Adams county, and the association or its grantees may feel similarly disposed as to the remaining real estate if given an opportunity. If a sale of the Denver property should take place and trustee's deed issue, it might tend to molest the afflicted plaintiff and her children in the enjoyment of their home, as well as interfere with the collection of rents or profits from other portions of the real estate. The restraining order and injunction that followed were to prevent the very thing that was done. Joseph Videtich and the association would have done well to have obeyed the court orders.

 3. We shall speak briefly as to the nature of plaintiff's lien to secure her separate maintenance. Here, as is usual in such actions, the exact ultimate amount to be paid was not susceptible of immediate computation and is not so now. The husband's failure to comply with the court order has caused the obligation to mount steadily; it may consume the value of the entire property; it is not impossible that the court may require a deed from Joseph Videtich, or on his behalf, to plaintiff, or it may need the entry of other orders for her protection. The association was charged with notice of these uncertainties, possibilities and prior rights of plaintiff when it took its deeds of trust. In *Shuck v. Quackenbush*, 75 Colo. 592, 227 Pac. 1041, 38 A. L. R. 259, we held that the effect of a filing of notice of lis pendens is to prevent interference with the property by third persons during the pendency of the action. We do not follow the argument of counsel for the association in which it is pointed out that no notice of lis pendens was filed in Adams county. Constructive notice was not necessary to aid actual notice. The principle stated in *Shuck v. Quackenbush, supra*, applies to both. In fact, it is evident from the circumstances and close sequence of events in the present case that actual notice was as potent, if not more so, than constructive notice. Within nine days after the first action was commenced and restraining order issued, and two days after the filing of notice of lis pendens in Denver, the association was roused to activity. Its representatives then interviewed Joseph Videtich in the Denver city jail, where he was incarcerated, and procured the deeds of trust from him, with full knowledge of the pendency of the prior suit.

 4. It is axiomatic that no one can profit by his own wrong. Our conclusion is that no rights were acquired by the deliberate violation of the restraining order or injunction. Plaintiff's rights are paramount and adverse to the claims of the defendants and the trust deeds for the use of the association are void as against

plaintiff's rights. We do not undertake to determine rights as between Joseph Videtich and the association. That matter is not in issue and he is not a party to the present suit.

Finding no error in the record, the judgment is affirmed.