No. 13,320.

Tinglof v. Askerlund.
(39 P. [2d] 1039)

Decided December 17, 1934. Rehearing denied January 7, 1935.

Mr. EDWARD MILLER, for plaintiff in error.

Mr. FOSTER CLINE, Mr. GEORGE A. TROUT, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

TINGLOF (hereinafter called plaintiff) brought a proceeding to have a transcript of judgment obtained by a general creditor against defendant's husband adjudged to have priority over a decree in a separate maintenance suit, in which certain real estate was awarded to the wife in lieu of support money from her husband. Plaintiff's pleading was denominated a ''petition for a decree under the declaratory judgment act.'' A demurrer to the petition, challenging the sufficiency of the petition generally and the applicability of the declaratory judgment law, was sustained. Plaintiff elected to stand on his petition, and to a judgment of dismissal he assigns error. The husband was joined as a defendant below and defaulted.

It appears that August 6, 1930, defendant instituted the suit for separate maintenance against her husband, owner and possessor of the real estate involved, praying that the property, specifically described, be awarded her on account of support for herself, and at the same time

filed a lis pendens with the clerk and recorder of the proper county, in which there was reference to her separate maintenance suit and the prayer thereof; that September 24, 1930, plaintiff on a note evidencing money which he had advanced the husband several years before, and while the Askerlunds were living together, instituted action against the husband, and October 16, 1930, was given judgment, a transcript of which was filed October 18, 1930; that December 1, 1930, judgment was given defendant against her husband in the separate maintenance suit, and the property involved was decreed to her. Subsequently a certified copy of the decree was filed with the clerk and recorder.

In sustaining the demurrer the court did not indicate whether its decision was based on the claim that plaintiff's allegations did not bring the controversy within the scope of the declaratory judgment statute, or because the facts set forth precluded recovery in any event. The briefs are mainly directed to the latter point. The petition, and the general demurrer thereto, as we conceive, commit the parties to the story related by the plaintiff, which has been outlined. It is made up of definite happenings, on certain dates, apparently exhaustively set forth. In the circumstances we are disposed to ignore the style and habiliment of plaintiff's pleading, and determine the general sufficiency of the complaint.

The sum of plaintiff's contention is that the doctrine of lis pendens is not available in a separate maintenance suit, hence the decree in that suit, awarding defendant certain of her husband's property, was void. On such hypothesis plaintiff's transcript of judgment would be potent, and to that determination this proceeding is directed. But is the premise sound? We believe the answer is to be found in our own pronouncements. Early in this state it was held in a suit for separate maintenance that, independent of statute, courts of equity had the power to grant alimony to a wife showing herself entitled thereto. *Daniels v. Daniels,* 9 Colo. 133,

10 Pac. 657. In *Hanscom v. Hanscom*, 6 Colo. App. 97, 39 Pac. 885, that court announced its conception of the rule. "Following the English decisions," the court said, "the jurisdiction to decree alimony as an independent relief has been denied in many of our states; but in others, including this, a different doctrine has been announced." Citing *Daniels v. Daniels, supra*, as authority, the court added: "It may therefore be considered as established in this state that upon a proper case made, equity will award alimony, or separate maintenance, to a wife, in a proceeding where no divorce is sought." The court further stated that a claim for alimony in a separate maintenance suit was not simply a personal liability against the husband, but that it could be made a charge upon his property in the first instance. "It is settled in this state that a wife may maintain an action against her husband for separate maintenance independent of an action for divorce." *Fahey v. Fahey*, 43 Colo. 354, 96 Pac. 251. "Another objection assigned to the jurisdiction of the court," we said in *Daniels v. Daniels, supra,* and it is urged here, "is that alimony can only be granted under our statute as incident to a proceeding for divorce, and that no divorce is prayed for in this case. It is true that the statute of this state makes no provision for alimony except as an incident to proceedings for divorce; but this statute does not, we apprehend, preclude our courts from granting alimony, either temporary or permanent, in a proper case, although a decree for a divorce may not be included in the relief prayed for. As said in *Galland v. Galland,* 38 Cal. 265, the legislature was not dealing with the general subject of alimony, as an independent subject-matter of legislation, but only as one of the incidents of an application for divorce. The same court holds that the subject of alimony comes within the general powers of a court of equity, independently of the statute." In *Mitchell v. Mitchell*, 31 Colo. 209, 72 Pac. 1054, we said: "An action for alimony, or to enforce separate maintenance, lies in this state independent of

statute and wholly disconnected with a proceeding whose main object is to obtain a decree dissolving the marriage relation.'' These cases are approvingly cited in *Weston v. Weston,* 79 Colo. 478, 246 Pac. 790, where determination was made on the wife's cross-complaint for separate maintenance. In essentials the problem here is not to be distinguished from that determined in *Western Slavonic Association v. Videtich,* 90 Colo. 230, 8 P. (2d) 263. There the question arose out of an attempted foreclosure of deeds of trust given by the husband subsequent to a lis pendens filed by the wife in a separate maintenance suit, and which the wife sought to enjoin. Injunction was granted and we affirmed the judgment. ''It is not impossible,'' we said, ''that the court may require a deed from Joseph Videtich, or on his behalf, to plaintiff.'' Counsel for plaintiff would distinguish the Videtich case, because, in addition to the lis pendens, the husband had been restrained from encumbering the property. So far as the third party's rights were concerned, as we perceive, the lis pendens, or notice, not the restraining order against the husband, was the controlling factor. See *Tolerton v. Williard,* 30 Ohio St. 579, 588. Where lis pendens suffices, writ of injunction is without office. *Belmont M. & M. Co. v. Costigan,* 21 Colo. 471, 42 Pac. 647. In the late case of *Stokes v. Dollard,* 94 Colo. 206, 29 P. (2d) 706, we said that a creditor has no interest in his debtor's property prior to judgment on his claim, but that from marriage a wife has an inchoate interest in her husband's property, ''equitable, though unadjudicated.'' This pronouncement gives body to the statement in *Weston v. Weston, supra,* where we said that ''an allowance for separate maintenance is not alimony within the strict definition of the term.'' See, also, 30 C. J. 1071, §861.

■ Considering the record, and the genius of our decisions, we conclude plaintiff was without cause. When defendant instituted a separate maintenance suit against her husband, she had, as against him, an unadjudicated

equitable interest in his property, tangible, and tangibly enforceable, to the adjudication whereof she invoked the power of a court of general and unlimited jurisdiction. Pending final judgment, and that the fruits of her appeal, if any, and whatever, might measurably be assured, she filed a lis pendens in accordance with the provisions of the Code (§38, C. L. '21) and Laws 1927 (p. 590, §9). She prevailed against her husband and was awarded the property involved there and here. The court had power, we think, to adjudge so, and for the purposes of this inquiry the judgment became effective as of the time she filed her notice of suit. It follows that since the property to which the lis pendens specifically referred was decreed to defendant outright, as to such property plaintiff's transcript of judgment was noneffective. Let the judgment be affirmed.

MR. JUSTICE HILLIARD not participating.

MR. JUSTICE HOLLAND dissents.