**FERTSCH et al. v. WHITE.**

**No. 5105.**

Court of Civil Appeals of Texas. Amarillo.
January 29, 1940.

Vaughn E. Wilson, of Lubbock, for appellants.

W. D. Benson, Jr., of Lubbock, for appellee.

FOLLEY, Justice.

The appellants, Everett Fertsch and his mother, Mrs. Edna Fertsch, suing for herself and as next friend of her minor son Everett, brought this suit against Cecil White doing business under the name of Cecil White Truck Lines, to recover damages resulting from a collision on College Avenue of the town of Lubbock, Lubbock County, Texas, between a motorcycle operated by Everett Fertsch and a truck with a semitrailer attachment operated by J. L. White, a brother and employee of the appellee.

The collision occurred on June 25, 1936, on College Avenue which is immediately outside the city limits of the city of Lubbock. Such avenue is also State Highway No. 7 and State Highway No. 84 running north and south for more than a mile adjacent to the city limits of Lubbock and separates the city from the campus of Texas Technological College. College Avenue is about fifty feet wide from curb to curb and is paved on both sides with concrete slabs each about eighteen feet wide, there being about fourteen feet in the center of the street which is unpaved except at intersections with streets running east and west. Each side of the avenue is a one-way drive. There are some eighteen streets entering College Avenue from the city of Lubbock on the east but such streets do not cross the avenue except in three places where they extend into the campus of the college. The campus which joins College Avenue on the west extends from about Fourth Street on the north side to about Nineteenth Street on the south side. The collision occurred at the intersection of Sixth Street with College Avenue. Sixth Street enters College Avenue from the east but does not cross the avenue.

The truck of the appellees entered the avenue from the east on Sixth Street and was turning left to go south when the motorcycle of the appellant Everett Fertsch, which was going north on the east side of the avenue, hit the left rear wheel under the semitrailer. Everett Fertsch was in the driver's seat of the motorcycle and his friend, Morris Stephens, was riding behind on the auxiliary seat.

The appellants alleged that the driver of the truck was negligent in approaching the avenue and intersection at an unreasonable rate of speed with the truck and semitrailer overloaded; that the driver failed to keep his vehicle under control; that he failed to stop before entering the intersection; that he failed to keep his vehicle on the right hand side of the center of the intersection; that he failed to determine that a turn to his left and a stop on and across said intersection could not be made with safety to Everett Fertsch; and that said driver failed to give a visible or audible signal of his intention to change the course of his vehicle, all of which acts were alleged to have been negligent and the proximate cause of the collision.

The appellee denied the acts of negligence charged against his driver and alleged that the appellant Everett Fertsch was guilty of contributory negligence in that he was operating his motorcycle in a dangerous, reckless and careless manner; that he was driving at a dangerous and reckless rate of speed; that he was driving at a rate of speed in excess of forty-five miles per hour in violation of law; that he was driving his motorcycle upon a public street in a city, town or village in excess of twenty miles per hour in violation of law; that he did not keep his motorcycle under proper control; that he did not keep a proper lookout for the approach of the appellee's truck; that he should have driven his motorcycle to the rear of the truck; and that the appellant Everett Fertsch did not yield the right-of-way to the truck of the appellee approaching the intersection from Everett Fertsch's right, all of which acts and omissions the appellee alleged were jointly and separately the proximate cause of the injuries.

The cause was tried before the court without a jury and judgment was rendered for the appellee. The trial court filed findings of fact and conclusions of law in which the truck driver was acquitted of any acts of negligence and the appellant, Everett Fertsch, was found guilty of several acts of contributory negligence proximately causing and contributing to his injuries. The acts of negligence found by the court against Everett Fertsch were as follows: that he was operating his motorcycle at a dangerous rate of speed; that he was not keeping a proper lookout; that he was driving at an excessive and dangerous rate of speed on an avenue or public highway through a semi-urban section of Lubbock; that he did not yield the right-of-way to the truck driver approaching the intersection from Everett Fertsch's right; that he was driving his motorcycle at an excessive, dangerous and reckless rate of speed for two persons to be double riding it under all the facts and circumstances; and that the appellant did not have his motorcycle under proper control to avoid the collision, all of which acts and omissions were found to be the proximate cause of the injuries.

All of the assignments of the appellants are based upon the above findings of the court. They assert that the testimony was insufficient to establish such findings of fact by the trial court.

If there is any competent evidence to support the court's finding that the truck driver was not guilty of negligence or to support any of his findings on the issues of contributory negligence on the part of the appellant Everett Fertsch, it is elementary that the judgment of the trial court must be affirmed, and this rule of law is so well established we deem it unnecessary to cite authorities in support thereof. In connection with the above findings of the trial court we are permitted to disregard all of the testimony except that in support of the findings and the judgment based thereon.

The testimony is uncontradicted that on the east side of College Avenue there were many business houses and residences adjoining and facing the avenue. Many of these residences are boarding and rooming houses for college students attending Texas Technological College just across the avenue on the west. The campus and buildings of the college are immediately west of College Avenue, which buildings include two student dormitories, an athletic field and a gymnasium, though most of the buildings are back some distance from the highway.

The testimony showed that the appellant Everett Fertsch, who at the time of the

collision was about fifteen years old, and his boy friend, Morris Stephens, who was then about eighteen years of age, were traveling north on College Avenue when the collision occurred. Everett Fertsch was riding in the regular seat and operating the motorcycle. Morris Stephens sat immediately behind him upon what is known as the auxiliary seat. The overwhelming weight of the testimony shows that they were traveling about forty miles per hour, and the court so found, however, there was some testimony that estimated their speed at sixty miles per hour or more. The traffic along College Avenue was shown to be heavy. There was other testimony that the avenue was frequently crossed by pedestrians, most of whom were college students. There was a filling station, a tourist camp, an ice house and an eating place near the junction of Sixth Street with College Avenue. The east side of College Avenue was some twelve or sixteen feet west of the city limits of Lubbock.

The truck of appellee driven by J. L. White, accompanied by Pete Abbott, came from the east on Sixth Street and, according to several of the witnesses, stopped before entering the intersection, however, the driver, J. L. White, testified that he did not come to a complete stop but slowed down to about four or five miles per hour, shifted gears and proceeded into the intersection after it appeared to him the way was clear for him to make a left hand turn. The truck with semitrailer attached was about thirty-two feet long and was loaded, but the exact weight of the load was not shown. The rear wheels under the semitrailer or van were at the immediate rear of the trailer. There was testimony to the effect that the overhang on the semitrailer was about four feet back of the rear wheels, however, the photograph of a similar truck introduced in evidence shows this overhang to be less than four feet. All of the testimony showed the truck of the appellee was traveling only about ten or twelve miles per hour at the time of the collision. There was also testimony to the effect that the truck stopped immediately upon being hit, and the court so found.

The court further found upon sufficient testimony that at the time the truck started into the intersection the motorcycle was from one block to one and one-half blocks away. These blocks, including the inter-sections, were shown to be about 350 feet long. On the issue of proper lookout, J. L. White, the driver of the truck, testified that as the motorcycle approached from over a block away the driver had his head turned back over his left shoulder looking to the west, apparently talking to the boy behind him, and that such driver of the motorcycle kept his head so turned until he was within fifteen feet of the truck. White was corroborated in his testimony by the witness Mineous Jackson, a thirty-three year old teacher-student of Texas Technological College, who was standing in front of the filling station about sixty feet from the collision. His testimony was that he first saw the motorcycle when it was a little over a half block from the truck and that the operator of the motorcycle was at first looking down and then looked back apparently talking to the boy behind him. He also testified that the motorcycle skidded some seven or eight feet before hitting the trailer. There was other testimony, however, that it skidded much more than that, and the court found upon sufficient testimony that the skidding was from seven to thirty feet back from the point of the collision. The court further found that the motorcycle first swerved, then straightened up and ran head-on into the rear wheel of the trailer. The court also found, upon the testimony of several witnesses, that immediately prior to the collision the left rear wheel of the semitrailer had passed over the east curb line of College Avenue and was some fifteen to twenty feet of the southeast corner of the intersection, and that at the time of the collision said rear wheel was from ten to twelve feet west of the east curb line and twelve to fourteen feet from the southeast corner of the intersection. Under such facts it is evident that if the appellant Everett Fertsch had had his motorcycle under proper control he could have passed behind the semitrailer and avoided the collision.

The physical facts show there was a terrific impact at the time of the collision. The motorcycle ran head-on into the left rear dual wheel of the trailer. The testimony showed, and the court found, that the axle of the rear wheel of the trailer was bent backward, sheering some of the bolts thereon, and that the motorcycle was completely demolished. The two tires of the dual wheels of the trailer hit by the motorcycle were blown out by the impact and the rim of one wheel was bent out of

shape. The appellant Everett Fertsch was *thrown several feet from the point of* the collision, knocked unconscious, severely bruised, and sustained several fractured vertebrae, a broken hip and pelvis bone, and two broken ribs, all of which caused him to remain in the hospital for several weeks.

■ Under the above circumstances, that the court was justified in finding the appellant Everett Fertsch was guilty of contributory negligence proximately causing the injuries, *in our opinion, is not even* debatable. Particularly is this true with reference to his failure to keep a proper lookout, his excessive speed under the circumstances, and his failure to have his motorcycle under proper control. Nor do we think the court's acquitting the truck driver of any acts of negligence proximately causing the collision was unfounded in the testimony.

The judgment is affirmed.