No. 18,418.

Mervin Clopine, et al. *v.* Arthur J. Kemper.
(344 P. [2d] 451)

Decided September 28, 1959.

Mr. G. E. HENDRICKS, for plaintiffs in error.

Mr. ANTHONY J. PASQUALE, Mr. DONALD W. MARSHALL, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs in the trial court and will be referred to as the Clopines and Hazel Kemper. Defendant in error, defendant in the trial court, will be referred to as defendant, or as Arthur Kemper.

The action was brought by the Clopines under Rule 105, R.C.P. Colo., to obtain an adjudication of the rights of all parties with respect to certain real estate, title to which the Clopines allegedly acquired by deed from Hazel Kemper. It was alleged in the complaint that on June 15, 1954, defendant filed a homestead entry with

the county clerk and recorder of Sedgwick County, Colorado, where the real estate was situate, and that the property was not the home of said defendant; that the defendant on or about July 3, 1954, filed with the clerk and recorder of Sedgwick County a notice of lis pendens "claiming that he (defendant) had a suit pending in the District Court of the City and County of Denver, Colorado, against the said plaintiff, Hazel I. Kemper, which affected the title to said real property, when in truth and in fact there was no such suit which would affect the title to said property which should be removed and cancelled on said real property records."

It was further alleged that defendant filed said homestead declaration and notice of lis pendens for the purpose of "harassing and annoying the plaintiff, Hazel I. Kemper, for the purpose of placing clouds on her title to said real property, and to interfere with her rights thereto." Hazel I. Kemper prayed for $500 damages on account of the alleged wrongful acts of defendant. The Clopines prayed that the clouds on their title caused by the filing of the homestead entry and the lis pendens notice be removed.

By way of answer defendant admitted the filing of the homestead entry and the lis pendens notice and alleged that there was pending in the district court of the city and county of Denver, Colorado, an action wherein the defendant in the instant action was plaintiff and Hazel I. Kemper was defendant; that among other things said action was brought to determine and establish the rights of defendant and his wife Hazel I. Kemper in and to the real property described in the complaint. It was further alleged that Mr. and Mrs. Clopine were chargeable with notice of the pendency of said Denver action by reason of the filing of the notice of lis pendens.

Trial was to the court and resulted in a judgment annulling the homestead entry, because defendant had never resided on the real estate, and a determination that the notice of lis pendens was good and valid and that the

Clopines were chargeable with notice of the pendency of the Denver action; that their interests in said real property acquired from Hazel I. Kemper on October 11, 1956, "are inferior to and subject to and without effect upon any interests or rights of the Defendant, Arthur J. Kemper in and to said real property that may be determined to be in him or that may be set over or awarded to him by any decree of the District Court in and for the City and County of Denver, in Civil Action No. A-97207 now pending in said court, wherein Arthur J. Kemper is plaintiff and Hazel I. Kemper is defendant." Mrs. Kemper's claim for damages was denied.

For reversal it is argued that the complaint in the Denver action for divorce instituted by Mr. Kemper did not describe "any real property" hence it is urged that the lis pendens notice was of no force or effect; that the trial court erred in refusing to allow plaintiffs to reopen their case to prove by additional evidence their title to the real property and that the trial court erred in finding that the notice of lis pendens was constructive notice of the pending Denver action because title to the real property was not in defendant when the lis pendens was recorded.

This in a way is a companion case to *Kemper v. Kemper,* No. 18,411, this day decided. The salient facts are that on July 2, 1954, a summons was issued in the case of *Kemper v. Kemper,* an action for divorce brought by the husband in the Denver District Court; on July 3, 1954, the notice of lis pendens was filed in Sedgwick County. This notice recited that plaintiff Arthur J. Kemper sought a divorce from his wife, Hazel I. Kemper, and "Also to have the Court decree a division of the property by an equitable determination of the property rights of the parties hereto, among which property is real estate now standing in the name of the defendant, Hazel I. Kemper. That said real property is described as follows: South one-half (½) of Section 24, Town-

ship 11 South, Range 44 West, Sedgwick County, Colorado."

The complaint in divorce alleged "that during the period of said marriage, that plaintiff and defendant have accumulated both real and personal property; said property being located both within the state of Colorado, and out of state; said property being both in the names of this plaintiff and this defendant." In said divorce action plaintiff prayed that he be awarded an equitable share of the property, both real and personal, of the parties.

The original deed by which Mrs. Kemper acquired title to the real property above described was dated October 22, 1945, and signed by Arthur J. Kemper and Hazel I. Kemper to Hazel I. Kemper as grantee. It was introduced in evidence as plaintiffs' exhibit "C." This deed was recorded October 24, 1945. A photostatic copy of a deed recorded in Book 101 at pages 366-367 of the public records of Sedgwick County, Colorado, executed by Hazel I. Kemper on October 11, 1956, with Marvin Clopine and Ellen E. Clopine as grantees, conveying the above described real property, was introduced as plaintiffs' exhibit "B." The original notice of lis pendens was introduced in evidence by plaintiffs and a certified copy of the original divorce complaint together with a copy of the summons and return showing service on defendant, together with Mrs. Kemper's answer in said action, was introduced as defendant's exhibit "I."

Mr. Clopine testified concerning the acquisition of title to the real property and in connection therewith the deed and notice of lis pendens were introduced as above recited.

Plaintiffs rely on *Central Savings Bank v. Smith,* 43 Colo. 90, 95 Pac. 307, to support their argument that the divorce action had to describe the property affected. That case is no longer the law in Colorado. See Rule 105 (f), R.C.P. Colo. The Central Savings Bank case followed the common law rule which required the

pleadings to adequately describe the property affected. In 1908 Sec. 34 of the Code of Civil Procedure was amended and provided: "Only from the time of filing such notice shall the pendency of the action, suit or proceeding be constructive notice of the action, suit or proceeding, to a purchaser or encumbrancer of the property described in the complaint, petition or answer." Colo. Code Ann. Sec. 38 (1908). This revised enactment was later construed in *Shuck v. Quakenbush,* 75 Colo. 592, 227 Pac. 1041, where it was held that lis pendens takes effect the day it is filed and is constructive notice as of that date.

The law remained unchanged until 1953 when Rule 105 (f), R.C.P. Colorado, was adopted. This Rule provides:

"After filing any pleading wherein affirmative relief is claimed affecting the title to real property, a party may file in the office of the recorder of the county in which the property is situated a notice of lis pendens containing * * * a description of the property in that county affected thereby; such notice shall from time to time of the filing * * * be constructive notice to all persons acquiring any interest in or lien upon the *property described in such notice from any grantor or from any source whatsoever.*" (Emphasis supplied.)

■ In short, contrary to plaintiffs' argument, it is the notice of lis pendens and not the pleadings which give constructive notice of pending litigation affecting interests in realty. *Gross v. Castleton Housing Corp.,* 68 N.Y.S. (2d) 393, construes an enactment similar to our Rule 105 (f) where it was held:

"The complaint clearly shows that the action relates to the 'possession, use, or enjoyment of real property' and is, therefore, the proper subject of the filing of a lis pendens. The notice itself contains 'a brief description of the property * * * affected thereby.' Civil Practice Acts 120. It is sufficient in this respect if it enables

proper indexing against the proper section and block numbers. * * * "

In the instant case the notice of lis pendens contained the names of the parties, the nature of the claim, and a description of the property. Hence plaintiffs had constructive notice of the pending divorce action affecting this real property and the trial court did not err in so finding.

It is next argued that the notice of lis pendens was ineffective because "it was filed three days before the complaint in divorce was filed in the Denver court." It is Hornbook law that the commencement of an action dates from the issuance of the summons and not the date of filing the complaint. As above noted this action was commenced by the issuance of a summons on July 2, 1954, and whether notice of lis pendens began running July 3rd or July 6th is immaterial, for plaintiffs purchased the property more than two years after the action was started and the lis pendens was filed.

It is also urged by counsel for plaintiffs that the subject matter of the divorce action was the marital status of the parties and that the division of property was merely a collateral matter. Hence it is argued that the divorce action was not the proper subject of a notice of lis pendens. In *Tinglof v. Askerlund*, 96 Colo. 27, 39 P. (2d) 1039, it was held that a notice of lis pendens which referred to a complaint seeking separate maintenance and an equitable interest in property is constructive notice as of the day the lis pendens notice is recorded.

When counsel for defendant moved to dismiss plaintiffs' complaint, the latter asked leave to reopen the case to permit Mervin Clopine to testify that Hazel I. Kemper was in actual possession of the real property and while so in possession conveyed the same as to the Clopines by warranty deed. It is urged that the trial court abused its discretion in refusing to receive this testimony. In the main case the evidence disclosed the

conveyance and the deed to the Clopines was admitted in evidence. The proffered testimony added nothing to plaintiffs' case. The trial court did not abuse its discretion in denying plaintiffs' motion to reopen the case.

We have carefully considered the other matters urged by counsel for plaintiffs and deem them to be without merit.

Perceiving no error in the record, the judgment is affirmed.

MR. JUSTICE FRANTZ not participating.