Valor Mary Whittemore FYKE, Appellant,

v.

Edgar D. FYKE, Appellee.

No. 17030.

Court of Civil Appeals of Texas.

Fort Worth.

June 13, 1969.

Frank Norton, Dallas, for appellant.

Doyle Willis and G. Gordon Whitman, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

Suit was initiated in a district court of Texas to collect accrued alimony in the sum of $14,650.00 under a divorce judgment rendered on July 2, 1963, in a district court of Pueblo County, Colorado. Holding said judgment was void because it was rendered before the lapse of the 90 day "cooling-off period" required under the Colorado statutes, the Texas trial court, by judgment dated October 31, 1968, refused

See also Tex.Civ.App., 442 S.W.2d 764.

to give full faith and credit to such judgment, and denied plaintiff's claim based thereon. The case was tried to the court without a jury. At plaintiff's request, findings of fact and conclusions were made and filed by the court. Additional findings requested by her were refused.

We affirm.

The appellant attacks the judgment by contending that the court erred in holding that the Colorado divorce decree was (1) void; (2) subject to collateral attack; and (3) in refusing to give it full faith and credit. Further that it was error to refuse additional findings on the issue of defendant's representation by an attorney and that there was no evidence that an attorney was not authorized to act. Final point was based upon estoppel.

The facts pertaining to the history of the Colorado cases of Valor S. Fyke v. Edgar D. Fyke, Cause No. 44728, were essentially as follows:

January 30, 1962—Plaintiff filed her original suit. It was an action for separate maintenance and not for divorce. The defendant was served the same day.

February 21, 1962—Plaintiff filed a motion seeking leave of the court to file an amended complaint, which was tendered with the motion, to change the original action for separate maintenance, filed January 30, 1962, to an action seeking a divorce. Leave was granted and the amended complaint for divorce was filed the same date. Service of the amended complaint was acknowledged by defendant on February 27, 1962. (The cooling-off period in Colorado begins to run "after service of process" in a divorce action.)

The amended complaint for divorce remained on file for approximately 20 days and for 14 days after service on the defendant.

March 12, 1962—Plaintiff and defendant executed a stipluation in which they agreed: That pending further order of the court defendant shall pay the plaintiff $250.00 monthly for her temporary support and maintenance. Payment for March was acknowledged. Succeeding payments of $250.00 were to be made on the 10th of each month unless the order be subsequently modified by the court. It was agreed that the hearing for temporary support set for March 12, 1962, be vacated and that the stipulation upon approval of the court shall be deemed an order for temporary support and maintenance. The stipulation was filed on March 13, 1962. The record does not reflect that the above stipulation signed by the parties was approved by the court at any time prior to the granting of the divorce on July 2, 1963.

March 13, 1962—Plaintiff filed a motion requesting that the amended complaint for divorce filed on February 21, 1962, be withdrawn and stricken and that the original complaint, the action for separate maintenance, be reinstated. On the same date the defendant certified that he had received a copy of the motion and consented that same be granted, and this the court did.

Cause No. 44728 remained on the docket of the Colorado District Court as a suit for separate maintenance from March 13, 1962, until July 2, 1963, approximately 15½ months.

July 2, 1963—Plaintiff filed another motion requesting that the second amended complaint for separate maintenance filed on March 13, 1962, be withdrawn and stricken, and that the amended complaint for divorce (filed on February 21, 1962) be reinstated and that she be awarded a decree of divorce thereon.

On the same date, July 2, 1963, an "attorney for defendant" certified to receipt of a copy of said motion and consented that same be granted. The court granted the motion and the case was changed from an action for separate maintenance to one for divorce. On the same day the court rendered the decree of divorce in question and therein recited that the stipulation of March 12, 1962, be and is hereby approved

and that defendant continue to pay $250.00 monthly as permanent alimony and support beginning on July 10, 1963.

The same attorey who certified to receipt of a copy of the last motion filed by the plaintiff and agreed to the granting thereof affixed his signature to the divorce decree, indicating his approval thereof as to form, as attorney for the defendant.

The above facts are undisputed. They are based upon the Colorado court records contained in an exhibit supplied by the plaintiff and were stipulated to along with other matters by the parties to this suit. The findings of fact made and filed by the court are essentially the same as are above set out.

In addition to the above facts, the court found that the person who purported to act as an attorney for the defendant in connection with the motion and judgment of divorce on July 2, 1963, had previously represented the defendant in connection with other legal matters in Colorado but that he had not been authorized by the defendant to act as his attorney in the Colorado divorce case.

The court further found that at the time of the July 2, 1963 divorce the defendant had moved to and was residing in Texas, and having found out that the divorce decree had been granted he had, since that time, married more than one time.

The trial court did not have the advantage of the testimony (in any form) of the attorney who purported to act for the defendant in the Colorado case. The only testimony on this point was that of the defendant. No testimony was offered to refute what he had to say. Thus, the only evidence relating to this matter supported the court's finding. Assuming for the sake of argument that the attorney in question was authorized to act on behalf of the defendant he could not have waived the ninety day waiting period required in a Colorado divorce action.

We are in accord with the conclusions of law made and filed by the trial court as applied to the facts of this case.

Volume 3, Ch. 46, of the Colorado Revised Statutes of 1963 contain the various provisions relating to Divorce, Separate Maintenance, and Annulments. Each subject is covered by separate statutes.

Article 1—Divorce, 46–1–6 provides that, "No trial for an action for divorce *shall* be had until at least ninety days after service of process; * * *." (Emphasis ours.)

Article 2—Separate Maintenance, 46–2–1 provides that an action for separate maintenance may be maintained by a wife and specifies the grounds for such an action.

Article 2—46–2–2 provides that a decree granting separate maintenance shall not bar either of the parties from subsequently bringing and maintaining an action for divorce.

The latter provision in itself denotes that an action for separate maintenance is wholly disconnected with a proceeding which seeks to dissolve the marriage relation. Daniels v. Daniels, 9 Colo. 133, 10 P. 657 (1886).

"Actions for separate maintenance are in no sense actions for divorce." Mercer v. Mercer, 13 Colo.App. 237, 57 P. 750 (1899); Mitchell v. Mitchell, 31 Colo. 209, 210, 72 P. 1054 (1903).

In Weston v. Weston, 79 Colo. 478, 246 P. 790 (1926) the Supreme Court of Colorado in holding that an action for separate maintenance is not an action for divorce said: "An action for divorce is one for the dissolution of the marriage relation, while an action for separate maintenance is one in affirmance of such relation."

The Mercer, Mitchell and Daniels cases, above cited, were discussed in Weston and quoted from with approval.

When on March 13, 1962, the court granted plaintiff's motion requesting that the amended complaint for divorce (filed February 21, 1962) be withdrawn and stricken and the original action for separate maintenance be reinstated in lieu thereof, the cause of action was changed completely. The action for divorce was withdrawn. It was stricken. It was no more. In its place was a separate and distinct action for separate maintenance.

For the period of approximately 15½ months (March 13, 1962 to July 2, 1963), we have observed that an action for separate maintenance had been pending in the Colorado Court against the defendant. The suit pending against the defendant during the above period was an action to sustain or to affirm the marriage. The suit filed or reinstated on July 2, 1963, was an action for divorce by which the plaintiff sought to dissolve rather than to affirm the marriage. The cause was not an action for divorce until July 2, 1963. By granting a decree of divorce on that same date the court in effect did away with the ninety day waiting period which is required in divorce cases under the Colorado statutes.

It might be observed at this point that had the case for separate maintenance, which was pending for 15½ months beginning on March 13, 1962, been an action for divorce it could have been dismissed with prejudice by the court on his own motion or on motion of either party to the suit because it had not been tried within one year from the commencement of the action. Art. 1, Divorce, 46–1–6, Colorado Revised Statutes of 1963, supra.

The Supreme Court of Colorado in the case of Feuquay v. Industrial Commission (1941) 107 Colo. 336, 111 P.2d 901, held that no valid judgment awarding a decree of divorce can be entered where the trial is held before the expiration of thirty days from the filing of the complaint and that where the dates of the interlocutory and final decree as fixed by a nunc pro tunc order were in violation of this section, both were void.

Although the cooling-off or waiting period in Colorado divorce actions has been changed from a period of thirty days from the filing of the complaint (of divorce) to a period of ninety days after service thereof the holding in Feuquay is still controlling. No authorities to the contrary have been called to our attention and we have found none.

The established law in Texas is to the same effect, i. e., a judgment granting a divorce prior to the expiration of the statutory period is void and not merely voidable. Beeler v. Beeler, 218 S.W. 553 (El Paso, Tex.Civ.App., 1920, no writ hist.); Snow v. Snow, 223 S.W. 240 (San Antonio, Tex.Civ.App., 1920, no writ hist.); Ingram v. Ingram, 249 S.W.2d 86 (Galveston, Tex. Civ.App., 1952, no writ hist.); Givens v. Givens, 304 S.W.2d 577 (Dallas, Tex.Civ. App., 1957, no writ hist.).

The authorities above cited when applied to the facts revealed by the record in this case can lead to but one conclusion, namely, the Colorado decree made the basis of plaintiff's action is void and subject to collateral attack in the Texas court. The latter is therefore not required to give full faith and credit to the void divorce decree of her sister state. See 34 Tex.Jur.2d 384, § 368, and the authorities cited thereunder.

The elements of estoppel based upon the defendant's having married a time or so since July 2, 1963, were not contained in the pleadings and were not proved. The matter was raised for the first time on appeal. We find no application of the doctrine of estoppel to the facts of this case under any of the circumstances urged by the appellant.

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.