Valor Whittemore FYKE, Appellant,

v.

Edgar D. FYKE, Appellee.

No. 17031.

Court of Civil Appeals of Texas.

Fort Worth.

June 13, 1969.

Frank Norton, Dallas, for appellant.

Doyle Willis and G. Gordon Whitman, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a divorce action. It is companion to the case of Fyke v. Fyke, Tex.Civ.App., 442 S.W.2d 760 in which the defendant in this cause as plaintiff filed suit against Edgar D. Fyke to collect accrued alimony under a decree of divorce rendered in a district court of Pueblo County, Colorado on July 2, 1963. By decree dated October 31, 1968, the Texas trial court held the Colorado divorce judgment was void because it was rendered before the lapse of the ninety day "cooling-off period" required by the Colorado statutes. On this basis the court refused to give full faith and credit to the judgment of the Colorado court and denied plaintiff's claim based thereon.

After the judgment in the companion case was rendered on October 31, 1968, holding the Colorado decree of divorce to be void, the plaintiff herein, Edgar D. Fyke, filed this suit for divorce.

The case was tried to a jury which was instructed by the court to return a verdict in favor of the plaintiff granting to him a divorce.

The judgment of divorce which was rendered on December 19, 1968, recited that a motion for continuance presented by the defendant was overruled and that defendant's counsel announced in open court that defendant would not participate further in said trial. The court further recited in the judgment that the plaintiff and defendant had lived separate and apart from each other for a period of more than three years next preceding the filing of the suit and therefore plaintiff was entitled to a divorce.

There is no statement of facts. Findings of fact and conclusions of law were requested. However, none were made or filed by the court. No motion for new trial was filed. No complaint is made on this appeal which attacks the action of the court in instructing a verdict and in entering the judgment for divorce.

The only point of error presented by this appeal is the alleged error of the court in overruling defendant's plea in abatement. By such plea it was contended the trial

court had no jurisdiction to try this case prior to final appellate action in the companion case of Fyke v. Fyke.

It is apparent on the face of the record in this case that the trial court had jurisdiction over the parties and of the subject matter involved. There is no fundamental error apparent of record.

Rule 324, Texas Rules of Civil Procedure, requires that to appeal from a judgment a motion for new trial shall be filed as a prerequisite to appeal except where a peremptory instruction is given, etc. But motion for new trial shall be a necessary prerequisite to consideration of the complaints mentioned in Rule 325. The latter rule provides that in cases of motions for continuance, or for change of venue, or other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial. "Nothing in Rule 324 shall render a motion for new trial unnecessary in the instances mentioned in this Rule \* \* \*."

The appellant is not in a position to complain of the action of the trial court in overruling her plea in abatement, motion for continuance or other rulings of the trial court made prior to actual trial on the merits, unless such errors were assigned by motion for new trial. City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S.W.2d 746 (1956); Turner v. State, 351 S.W.2d 607 (Fort Worth, Tex.Civ.App., 1961, no writ hist.); Rules 324 and 325, T. R. C. P., supra, and cases cited thereunder.

Because of her failure to prepare and file a motion for new trial, the appellant has acquiesced in the court's ruling on her plea in abatement. The error, if any, is waived.

The point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.