**Valor Whittemore FYKE, Appellant,**

v.

**Edgar D. FYKE, Appellee.**

**No. 17160.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 29, 1971.

See also, Tex.Civ.App., 442 S.W.2d 764, and Tex.Civ.App., 442 S.W.2d 760.

Hellmut A. Erwing, Houston, for appellant.

Doyle Willis, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This appeal is from a judgment under Article 2524–1, Vernon's Ann.Civ.St., Uniform Declaratory Judgments Act. The parties to the controversy were divorced on December 19, 1968, by judgment which was affirmed in June, 1969 (Fyke v. Fyke, 442 S.W.2d 764, Fort Worth, Tex.Civ.App., no writ hist.). Although sworn inventories had been filed by the parties in the above divorce case, the judgment therein was silent as to the existence of or the disposition or division of any property, community or otherwise. The appellee by this suit sought a declaration that there was no community property to be partitioned between the parties to the divorce action. This appeal is from the judgment favorable to the appellee.

The following facts are set forth chronologically in order to clarify the circumstances leading up to the present appeal.

*November 27, 1958*—Edgar D. Fyke, appellee, and Valor Whittemore Fyke, the appellant, were married in the State of Colorado.

*1959–1961*—Appellee, in the case at bar, testified that sometime during this period the appellant left him. He came home one day and she was gone. His testimony relating to the circumstances of her departure during this period will be described below.

*July 2, 1963*—In a District Court of Pueblo County, Colorado, a divorce was granted appellant on her amended complaint against the appellee.

*Thanksgiving, 1967*—On this day the appellee was married to Lois Fyke in Fort Worth, Texas. She was his wife when the trial of the case on appeal was had.

*October 31, 1968*—Texas trial court held that the Colorado divorce judgment of July 2, 1963, was void and thus denied appellant's claim for accrued alimony under such judgment. Fyke v. Fyke, 442 S.W.2d 760 (Forth Worth, Tex.Civ.App., 1969, no writ hist.).

*December 19, 1968*—A judgment of divorce was granted appellee against the appellant in Cause No. 18,875, Fort Worth, Tarrant County, Texas.

*June 13, 1969*—Above judgment of divorce was affirmed. Fyke v. Fyke, 442 S.W.2d 764 (Fort Worth, Tex.Civ.App., 1969, no writ hist.).

*September 18, 1969*—The appellee filed a petition against appellant seeking a declaration by the court that at the time the sworn inventories were filed on December 6, 1968, and at the time the above judgment of divorce in Cause No. 18,875 was granted on December 19, 1968, that there was no community property interest of any nature to be divided between the parties.

During the trial of the case under appeal the following testimony was given by the appellee concerning the period 1959–1961, above referred to:

In this connection he testified that when the divorce was granted on December 19, 1968, he had last seen the appellant, "At the time she left me in Colorado.

"Q What year was that?

"A It would have been '61 or—'59—let's see, '60, '61, somewhere in there. I came home one day, she was gone, had moved out the furniture and everything. I never heard from her and I didn't know she was alive.

"Q Did you have at that time pending a bankruptcy petition in the courts of Colorado?

"A That bankruptcy petition was pending at the time she left. In fact, so far as I know, is the reason she left.

"Q Did you own any property of any kind other than your personal clothes and perhaps an automobile at that time?

"A I did not have an automobile. She had one that I had made payments on, but she took it with her.

"Q What about the furniture? Did you all own some furniture at the time she left?

"A Yes. When I came home, it was gone.

"Q Who got that?

"A I presume she took it with her.

"Q Is it your testimony, then, at the time that you last saw Valor Whittemore Fyke before this divorce was granted in December of '68, that at the time you last saw her, you all had no community property or any property whatsoever; is that right?

"A None whatsoever."

At another point Dr. Fyke testified concerning appellant's departure, sometime during 1959 to 1961, that, "When I came home and found the house empty, I had nothing except the clothes on my back, and

I borrowed money to eat on until I could get a job."

Although the appellant was present in court along with her attorney at the time the above described testimony and all other testimony was given she was not called to the stand to refute or to deny any of it. She did not take the witness stand for any purpose. Appellee was the only witness.

At the conclusion of the trial the court made and filed findings of fact and conclusions of law. The findings and conclusions pertinent to this appeal are summarized in the paragraphs next following.

*Findings of Fact*—The appellee is a resident of Tarrant County, Texas, and the appellant a resident of Harris County. They are the same persons who were parties to Cause No. 18,875, a divorce action in which judgment of divorce was granted appellee on December 19, 1968. At the time of the divorce the parties had lived separate and apart for more than seven (7) years. At the time of the separation of the parties in 1960 or 1961 the appellee owned no property and had no assets. In the divorce action the appellee asserted there was no community property to be partitioned between the parties and the appellant asserted that there was (Findings VI and VII). The judgment entered in the divorce action on December 19, 1968, is silent as to the property and rights of the parties thereto.

On December 19, 1968, the liabilities of the appellee and the liabilities of the appellant "greatly exceeded" their respective assets (Findings X and XI, respectively).

*Conclusions of Law*—The court has jurisdiction of the parties and venue of the suit (Conclusion I). There exists between the parties a justiciable controversy as to the existence of, and the respective rights of the parties in, any community estate at the time of the divorce on December 19, 1968, and at the present time (Conclusion II). In said divorce action there was no determination or disposition made of any marital property or property rights of either of the parties, either directly or indirectly, and such rights have never been adjudicated (Conclusion III). The court has jurisdiction over the subject matter of this proceeding, to-wit: The determination of the marital property rights of the parties, if any (Conclusion IV). At the time of the divorce trial neither of the parties had such an interest in marital or community property as could have been partitioned between them under the divorce laws of this State (Conclusion V). On December 19, 1968, the parties had no net community estate (Conclusion VI). The appellee, Edgar D. Fyke, is entitled to declaratory relief decreeing that no community estate existed or now exists between him and the appellant, Valor Whittemore Fyke (Conclusion VII). The judgment determining and declaring that there is no interest in community property to be partitioned between the parties to this cause was rendered and signed on February 23, 1970.

The appellant, by her first five points, contends that the court erred in Conclusions of Law Nos. II, V, VI and VII because the undisputed evidence shows as a matter of law that a community estate existed on December 19, 1968, and on May 20, 1970, and that there is no evidence or insufficient evidence to support such conclusions and thus the court erred in entering the judgment it did and in overruling her Motion for Judgment to the effect that on December 19, 1968, a community estate existed susceptible of partition.

By points 6, 7 and 8 the appellant asserts the court erred in overruling her Pleas in Abatement and in Bar and assuming jurisdiction over the subject matter of the controversy.

Since the last three points attack the jurisdiction of the trial court we will begin with them.

In her brief the appellant argues that, "If there is no interest in community property to be partitioned because there is no community estate in this case, the Court's

action is erroneous because such a community estate exists as a matter of law." That, "If there is no interest in community property to be partitioned on the assumption that there is a community estate but Appellant is not entitled to any of it, the Trial Court lacks jurisdiction to make that determination in this declaratory judgment action. In either event Appellant contends that the Court had jurisdiction only to declare the nature of property which is the subject of dispute between the parties hereto. Any action of the Court beyond that point would result in finally adjudicating the property rights of Appellant in any marital property rights and the Trial Court had no jurisdiction of any such action * * *."

These contentions are not viable. To begin with the court found and held that the parties had no interest in community property to be partitioned between them. Such holding obviates the necessity for any division or partitioning of property. See Sections 1, 5, 6, 7, 9 and 12 of Article 2524—1, V.A.C.S., supra. The judgment in this case terminates the controversy and removes an uncertainty. The article is to be liberally construed and administered (Sections 5, 6, and 12 of Article 2524—1). Points 6, 7 and 8 are overruled.

It is our opinion based upon a review of the entire record in this cause that the findings of fact and the conclusions of law which were made and filed by the trial court and its judgment based thereon are amply supported by the pleadings and the evidence.

Where there is competent evidence to support the court's finding its judgment must be affirmed. This Court is permitted to disregard all of the evidence in this case except that in support of the findings of the court and its judgment based thereon. Fertsch v. White, 138 S.W.2d 195 (Amarillo, Tex.Civ.App., 1940, no writ hist.).

Under the record in this case the court had no recourse other than to find and hold as it did. Points of error numbers one through five, both inclusive, are overruled. The judgment of the trial court is affirmed.