

# The Attorney General of Texas

August 20, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501


701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944


4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484


723 Main, Suite 610
Houston, TX. 77002
713/228-0701


806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238


4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547


200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191


An Equal Opportunity/
Affirmative Action Employer

Honorable George N. Rodriguez
County Attorney
El Paso County
El Paso, Texas 79901

Opinion No. MW-47

Re: The deposit by the County Tax Assessor-Collector of automobile license fees in a bank's daily interest savings account and whether the interest earned by that portion of the deposit belonging to the state must be turned over to the latter.

Dear Mr. Rodriguez:

You have requested our opinion concerning the collection of interest on automobile license fees held by the County Tax Assessor-Collector. These monies are paid to the Tax Assessor-Collector as is required by article 6675a-2, V.T.C.S. It is then the duty of this officer to distribute these fees to the county and state in the manner set out in article 6675a-10, V.T.C.S. Your request encompasses two related questions. You want to know if the County Tax Assessor-Collector may secure the payment of interest for the short period during which he retains these fees. If the above question is answered so that interest can be collected, you also want to know if the state is entitled to the interest earned by its share of the license fees.

The answer to your first question is that the County Tax Assessor-Collector is authorized by law to seek interest on the automobile registration fees he holds pending the distribution of these funds to the county and state. Article 6675a-10 provides the procedure by which the license fees are to be apportioned between the county depository and/or the State Highway Department on the Monday of each week. In American Surety Co. v. Waggoner Nat'l. Bank, 83 F.2d 99, 101 (5th Cir. 1936), the court observed that:

> Having the responsibility of keeping the fees until the Monday following their receipt, the tax collector necessarily possessed the concomitant authority to choose the method of keeping them. City of El Paso v. Two Republics Life Ins. Co. (Tex. Civ. App.) 278

S.W. 231, 233. He was under no duty to deposit these funds in the county depository until the Monday following their collection. No statute forbade temporary deposit of such fees in a nondepository bank for the purposes stated, so that at least as to automobile license fees the bank violated no statute in thus accepting the deposits.

This construction of the statute enables the County Tax Assessor-Collector to place these fees in an interest bearing account for the short period they are in his possession.

The answer to your second question is that the county cannot retain the interest earned from the deposit of that portion of the license fees owed to the state. This interest belongs to the state.

Where the county holds money in trust for another party, the interest is an increment that accrues to the owner. Sellers v. Harris County, 483 S.W.2d 242 (Tex. 1972). See also Attorney General Opinions M-468 (1969) and C-610 (1966). In Lawson v. Baker, 220 S.W. 260, 272 (Tex. Civ. App. — Austin 1920, writ ref'd), the court stated that:

Interest, according to all the authorities, is an accretion to the principal fund earning it, and, unless lawfully separated therefrom, becomes a part thereof. We think it is clear that the interest earned by deposit of special funds is an increment that accrues to such special fund. . . .

Because the money in question is collected under statutory provisions that set it apart for the purpose for which it was collected and require that it go to the State Highway Department, this is a special fund. In light of the above authorities, the interest, as well as the corpus, must pass into the possession of the state.

## SUMMARY

The County Tax Assessor-Collector can deposit automobile license fees in a bank's daily interest savings account for the short period he is in possession of these funds. All interest earned by that portion of the fees that are to be paid to the State Highway Department becomes part of this special fund and cannot be retained by the county.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Walter Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood